PER CURIAM.
This disciplinary matter is before us on complaint of The Florida Bar, report of the referee, and petition for review by The *643 Florida Bar seeking a greater penalty than that recommended by the referee.
The complaint charged, and the referee found, that respondent improperly handled a quiet title suit; that, although he had not been and would not be successful in clearing' the title to the property, and, even though he had not undertaken any efforts to clear the title of the interest reserved to the state, respondent closed the transaction and allowed his client to take title to the property without advising his client that the defects in the title continued to exist; that respondent prepared an incomplete deed; and that respondent has never refunded to his client the $1,000 fee paid for the handling of the quiet title suit. The complaint charged, and the referee also found, that respondent was asked to represent a party in a breach of warranty suit; that he failed to notify his client of the date of the hearing on the matter and, because his client failed to appear at the hearing, the court dismissed the client’s action; that respondent did not initiate contact with his client within a reasonable time before the scheduled hearing in order to prepare for the final hearing and to arrange for the attendance of witnesses; and that respondent never attempted to reopen the case.
The findings of the referee are supported by the record, and we agree with the referee’s recommendation that respondent be found guilty of violating Florida Bar Code, •of Professional Responsibility Disciplinary Rule 6 — 101(A)(1), (A)(2), and (A)(3).[1] The referee recommends that respondent receive a public reprimand and be placed on probation for a period of one year. During this probation period, the referee recommends that respondent undertake no legal representation of clients in real estate matters, other than the drawing of routine deeds, mortgages, contracts, or similar instruments until after he has completed thirty hours of continuing legal education courses approved for credit in the real property specialty under The Florida Bar designation plan. Additionally, the referee recommends that respondent make restitution to both clients.
Although The Florida Bar recommends that respondent receive a sixty-day suspension and probation, we have considered the facts that respondent has practiced law in Florida for thirty years without any prior disciplinary proceedings and that the present charges do not involve dishonesty or fraud, and we conclude that the referee’s recommendation of public reprimand and a one-year conditional probation is appropriate under the particular circumstances of this case.
Accordingly, respondent is hereby publicly reprimanded, and the publication of this opinion in Southern Reporter will serve as a public reprimand. He is further placed on probation for a period of one year, and during this time he is not to undertake any legal representation of clients in real estate matters, other than drawing of routine deeds, mortgages, contracts, arid similar instruments until he has completed thirty hours of continuing legal education courses approved for credit in real property. He is further ordered to refund to the two clients whose affairs he mishandled the attorney’s fees paid by them. Costs in the amount of $537.00 are hereby assessed against respondent.
It is so ordered.
ENGLAND, C. J., and BOYD, OVER-TON, SUNDBERG, ALDERMAN and MCDONALD, JJ., concur.
ADKINS, J., concurs in part and dissents in part with an opinion.

. Rule 6-101 provides:
DR 6-101. Failing to Act Competently
(A) A lawyer shall not:
(1)Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it; however, he may accept such employment if in good faith he expects to become qualified through study and investigation, as long as such preparation would not result in unreasonable delay or expense to his client.
(2) Handle a legal matter without preparation adequate in the circumstances.
(3) Neglect a legal matter entrusted to him.