PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, report of the referee, and petition of The Florida Bar to review the referee’s recommendations. Ryan did not file an answer to the Bar’s review petition.
The referee found that respondent Ryan allowed the statute of limitations to run against a client’s cause of action, failed to deliver to a client securities or other property to which the client was entitled, and failed to timely account for escrow funds upon a proper request and a circuit court order. The referee recommends respondent Ryan be found guilty of violating Code of Professional Responsibility Rules 7-101(A)(1), (2), and (3),[1] 9-102(B)(4), 6- *182 101(A)(3), and Canon 9. Upon full review of the record, we adopt and approve the referee’s findings of fact and recommendations of guilty.
For these violations, the referee recommends that we publicly reprimand Ryan and place him on probation for one year. It appears that the referee’s recommendation was based on his belief that Ryan did not have a prior disciplinary record. This belief was mistaken, however, since Ryan had previously been publicly reprimanded by this Court. See The Florida Bar v. Ryan, 352 So.2d 1174 (Fla.1972). The Florida Bar argues that, in light of Ryan’s past and present misconduct, he should receive a more severe punishment. We agree.
Accordingly, Ryan is hereby suspended from The Florida Bar for a period of thirty (30) days, effective April 20, 1981, allowing him time to close out his practice and to protect his clients’ interests, followed by a one-year probation. Every three months during the probation period. Ryan shall furnish staff counsel to The Florida Bar an inventory of his files and a status report on each file. Costs are taxed against the respondent in the amount of $1,281.14.
It is so ordered.
OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, with which ADKINS, J., concurs.

. The referee’s report apparently contains a typographical error. The referee finds under count I that Ryan violated Rule 6-101(A)(l), (2), and (3) for allowing the statute of limita *182 tions to run on a client’s cause of action. Under this count, Ryan was charged with violating Rule 7-101(A)(l), (2), and (3).