397 So.2d 1140 (1981)
THE FLORIDA BAR, Complainant,
v.
Louis GLICK, Respondent.
No. 59868.
Supreme Court of Florida.
April 30, 1981.
John A. Weiss, Branch Staff Counsel and Anita F. Dahlquist, Asst. Staff Counsel, Tallahassee, and A.G. Condon, Jr., Bar Counsel, Pensacola, for complainant.
Louis Glick, in pro. per.
PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, report of the referee, and petition of The Florida Bar to review the referee's disciplinary recommendation.
The referee found that Ann Bethune retained respondent Louis Glick to probate such estates that might be necessary to establish Ann as record titleholder to certain real property. Ann's grandmother and record titleholder of the property, Marie Sheets, died testate devising the property to her son, Ellis, and his wife, Georgianna. Marie provided that if Ellis and Georgianna predeceased her, the property would pass to Ann. Marie survived Georgianna but predeceased Ellis by several days. Ellis died intestate leaving his daughter Ann as his sole lawful heir. In attempting to establish Ann as record titleholder, Glick probated Marie's estate as though Marie was predeceased by both Georgianna and Ellis. He did not probate Ellis's estate.
Ann contracted to sell the property to a third party. This third party sought financing from Mutual Federal Savings and Loan Association. On its attorney's advice, *1141 the lending institution disapproved Ann's title. The examining attorney was of the opinion, and so informed Glick, that when Marie died the property passed to Ellis, requiring probate of Ellis's estate in order to pass title to Ann. Glick refused to acknowledge any mistake, to take any corrective action, or to return to Ann any of the fee she paid to him. Ann then hired another attorney to file a quiet title action for her.
The referee recommends that Glick be found guilty of violating Code of Professional Responsibility Rules DR 6-101(A)(1) and (3) and DR 7-101(A)(2) and (3),[1] that he be suspended from The Florida Bar until he demonstrates his competency to practice law and demonstrates his understanding of the Code of Professional Responsibility by successfully completing The Florida Bar examination, and that he be ordered to make restitution to Ann of the costs and fees she paid to the second attorney.
We hereby approve and adopt the referee's findings of fact and approve the recommendation of guilty.
The Bar disagrees with the referee's recommended discipline. It argues, and we agree, that in light of the similarity between Glick's present misconduct and the misconduct which caused his earlier discipline,[2] Glick should be suspended for three months and one day, and thereafter until he proves his rehabilitation. The Bar also requests that costs and restitution be ordered to be paid by a date certain since Glick has not met these financial responsibilities of his earlier discipline. Glick did not file a response.
The discipline imposed on a wayward attorney must be fair to both the public and to the attorney. The Florida Bar v. Papy, 358 So.2d 4 (Fla. 1978). In meeting this responsibility, we must deal more severely with an attorney who exhibits cumulative misconduct. The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979). Though we believe the indefinite suspension recommended by the referee is inappropriate, we agree with The Florida Bar that Glick must be firmly disciplined in light of his cumulative misconduct.
Accordingly, Glick is suspended from The Florida Bar for three months and one day, and thereafter until he shows his rehabilitation and successfully completes The Florida Bar examination, until he pays the costs of these proceedings in the amount of $337.80, and until he complies with the provisions ordered in his earlier disciplinary proceeding.
It is so ordered.
SUNDBERG, C.J., and OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
BOYD, J., would administer a public reprimand.
ADKINS, J., dissents.
NOTES
[1] DR 6-101(A)(1) and (3) provides:

(A) A lawyer shall not:
(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it; however, he may accept such employment if in good faith he expects to become qualified through study and investigation, as long as such preparation would not result in unreasonable delay or expense to his client.
... .
(3) Neglect a legal matter entrusted to him. DR 7-101(A)(2) and (3) provides:
(A) A lawyer shall not intentionally:
... .
(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105.
(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7-102(B).
[2] The Florida Bar v. Glick, 383 So.2d 642 (Fla. 1980).