399 So.2d 978 (1981)
THE FLORIDA BAR, Complainant,
v.
Frederick O. LEOPOLD, Respondent.
No. 56985.
Supreme Court of Florida.
May 7, 1981.
Rehearing Denied July 9, 1981.
John F. Harkness, Jr., Executive Director, Stanley A. Spring, Staff Counsel, and James P. Hollaway, Deputy Staff Counsel, Tallahassee, and Harris K. Solomon, Bar Counsel, Fort Lauderdale, for complainant.
Louis M. Jepeway, Jr., of Jepeway & Jepeway, Miami, for respondent.
PER CURIAM.
Frederick O. Leopold was temporarily suspended from The Florida Bar on June 27, 1979. This Court appointed a referee who was directed to hold hearings and to take testimony necessary to establish the facts and to report his findings and recommendations *979 to the Court. This cause is now before us on the referee's report and The Florida Bar's petition for review.
The referee found that Leopold misappropriated funds from his clients' trust account for his personal use and commingled his private funds with his trust account funds. Leopold has repaid his clients all misappropriated funds except approximately $1,700 which is being held in a court registry because of disputed ownership. We approve and adopt the referee's findings of fact.
The referee recommends that Leopold be found guilty of violating Florida Bar Integration Rule, article XI, Rule 11.02(4)(a) and recommends that Leopold be suspended from The Florida Bar for two years with certain conditions. The Florida Bar's review petition objects to a two-year suspension and argues that disbarment is the appropriate discipline.
This is not the first time that Leopold has exhibited an inability to conduct his activities according to the profession's standards. He was privately reprimanded by The Florida Bar's Board of Governors in 1966 and was publicly reprimanded by this Court in 1975. The Florida Bar v. Leopold, 320 So.2d 819 (Fla. 1975). Considering this prior misconduct with his present reprehensible misconduct  one of the most serious offenses a lawyer can commit  in determining the appropriate discipline, we agree with The Florida Bar that disbarment of Leopold is warranted. The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979).
Accordingly, Leopold is disbarred effective immediately. Costs of $6,156.88 are hereby taxed against him.
It is so ordered.
SUNDBERG, C.J., and OVERTON, ENGLAND and ALDERMAN, JJ., concur.
ADKINS, BOYD and McDONALD, JJ., concur in the finding of misconduct, but would suspend as recommended by referee and require payment of costs.