PER CURIAM.
Disciplinary proceedings were instituted against Donald F. Leggett as a result of complaints by his client and a fellow member of the bar. This Court appointed a referee who was directed to hold hearings and to take testimony necessary to establish the facts and to report his findings and recommendations to the Court. This cause is now before us on the referee’s report and The Florida Bar’s petition for review.
The referee made the following findings of fact. Respondent Leggett represented a lessee in a dispute over the lease. It was agreed among the parties that rent monies due would be placed in a trust account by Mr. Leggett pending the outcome of the litigation. Mr. Leggett was given $11,648 by his client for this purpose, representing rentals that had accrued prior to this agreement. Leggett deposited $11,000 in a separate account, but converted $648 to his own use. He also failed to designate the bank account as a trust account.
Leggett’s client continued to send him monthly checks of $1,456, the rental amount, to be deposited in the special account. Leggett failed to deposit six of those checks, although he did not convert them to his own use. The checks were found in Leggett’s possession at the time of the bar’s investigation.
The referee found these violations:
1. The conversion of $648 was in violation of article XI, Rule 11.02(4) of the Integration Rule of The Florida Bar and Disciplinary Rule 9-102(A) of the Code of Professional Responsibility.
2. Failure to designate the bank account as a trust account was a violation of article XI, Rule 11.02(4)(a) of the Integration Rule of The Florida Bar.
3. Failure to deposit the six checks violated Rules 11.02(4) and 9-102(A).
Based on these findings, the referee recommended these disciplinary actions:
*193 1. An eighteen-month suspension from the practice of law, and thereafter until such time as respondent demonstrates (in accordance with article XI, Rule 11.11 of the Integration Rule of The Florida Bar) that he is entitled to be reinstated in the practice of law.
2. That respondent be required to pay $1116.06, which represents $648 plus interest thereon and interest lost because respondent failed to deposit the checks in the account.
3. Payment of the cost of the disciplinary proceeding in the amount of $510.88.
The Florida Bar brought a petition for review of the referee’s report, seeking to have the eighteen-month suspension changed to disbarment from the practice of law. The bar bases its argument on two grounds: Leggett’s record of prior disciplinary difficulties, and the absence of mitigating circumstances.
Leggett’s prior disciplinary troubles are a matter of public record. At 395 So.2d 550 (Fla.1981), this Court publicly reprimanded him for neglect of legal matters and placed him on two years probation.
We cannot agree, however, with the bar’s assertion that there are no mitigating circumstances. While the conversion of any funds, no matter how small the amount, is “one of the most serious offenses a lawyer can commit,” Florida Bar v. Leopold, 399 So.2d 978, 979 (Fla.1981), we find some mitigation in the fact that the bulk of the client’s funds were deposited and left in a special account. We also note that Leggett admitted his role in this matter in response to the bar’s investigation, and surrendered the six undeposited checks upon demand. Leggett also argues mitigation from the fact that the failure to deposit the checks occurred while he was relocating his practice to another city, but we are not inclined to give much weight to such a factor. The practitioner is expected to see to his clients’ affairs even when disruptive external forces interfere.
For the above reasons, we affirm the referee’s findings of fact and recommendations for disciplinary action. Respondent Leggett is suspended from the practice of law for eighteen months, beginning thirty days from the date of this order. He is further ordered to pay $1116.06, plus legal interest thereon from the date of the referee’s report, in restitution to his client, and to pay $510.88 for costs of this disciplinary proceeding.
It is so ordered.
ADKINS, BOYD, OVERTON and MCDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion, in which SUNDBERG, C. J., and EHRLICH, J., concur.