425 So.2d 526 (1982)
THE FLORIDA BAR, Complainant,
v.
Joseph BERN, Respondent.
No. 60280.
Supreme Court of Florida.
December 9, 1982.
Rehearing Denied February 8, 1983.
John F. Harkness, Jr., Executive Director, and Stanley A. Spring, Staff Counsel, Tallahassee, David G. McGunegle, Bar Counsel, Orlando, for complainant.
Joe B. Weeks, Winter Park, for respondent.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against Joseph Bern, a member of The Florida Bar, is before us on petition for review of the report of the referee. The referee's report and record have been filed with this Court pursuant to Florida Bar Integration Rule, article XI, Rule 11.06(9)(b). We have jurisdiction. Art. V, § 15, Fla. Const.
We have summarized the complaint of The Florida Bar to the following allegations:
The respondent is a member of The Florida Bar and is subject to the jurisdiction and disciplinary rules of this Court.
Respondent was retained by Mrs. Jeanne H. Warner to resolve her legal problems, which centered around some instituted mortgage foreclosure actions. Respondent's representation of Mrs. Warner included preparing a chapter seven bankruptcy action, however the action was not filed because of a superceding partnership agreement (signed by all involved on April 16, 1980), which included respondent, Mrs. Warner, and a third party. The agreement provided that Mrs. Warner would deed title to the properties (subject to the mortgage foreclosure actions) to respondent and the other investor, who would pay off the judgment creditors, sell the properties, and split the profits, 34% to Mrs. Warner and 33% each to respondent and the third party.
Respondent was the only attorney involved in these negotiations, during which he advised Mrs. Warner that she had the choice of either bankruptcy or the previously mentioned agreement.
Most of the judgments and debts were satisfied under the agreement.
Subsequent to signing the April 16, 1980, documents, Mrs. Warner requested an accounting from respondent. She received an inadequate accounting and was not furnished *527 with copies of all satisfactions of judgments involved.
After her complaint to The Florida Bar Mrs. Warner received an accounting from respondent. Although it addressed the properties and disbursements under the partnership agreement, no mention was made of respondent's finder's fee or attorney's fee.
Respondent still has not provided Mrs. Warner with an accounting of the fees already received nor returned to her approximately $250 owed her from the proceeds of the property sales.
By reason of the foregoing respondent has violated disciplinary rules 5-101(A), 5-104(A), 9-102(B)(3), and 9-102(B)(4) of The Florida Bar's Code of Professional Responsibility and Rule 11.02(4) of article XI of the Integration Rule of The Florida Bar.
A dispute arose when respondent entered into certain business arrangements with his client, Mrs. Warner, in the form of a partnership and, at the same time, acted as attorney for the partnership. In his findings, the referee said:
It appears that at the time Respondent agreed to become a joint investor with Mrs. Warner there was a conflict of interest. As her attorney in an effort to salvage her properties and secure an independent investor for her, he was under a fiduciary duty to maximize and represent her best interests. It is obvious from the record that it was her desire to have an equal division of any profit from the sale of the properties. When the Respondent became the third partner in the equal one-third partnership division, his personal interest then became that of maximizing his financial gain from the investment and not that of his client's. As referee, I am aware that Respondent did save Mrs. Warner's properties from imminent foreclosure. His representation of Mrs. Warner may have been difficult; however, after considering all of the testimony in evidence, it is evident that the Respondent either was unaware of or chose to ignore the fiduciary responsibilities placed on an attorney entering into a business transaction with a client. At the time that he determined to enter into the matter as an investor, Respondent had a duty to advise Mrs. Warner that their individual interest could or did conflict and that she should seek independent counsel prior to signing the agreement which was prepared by Respondent and signed by her after counselling with her.
Based on his findings the referee made the following recommendations:
I recommend that Respondent be found guilty and that he be found guilty of the following violations of The Florida Bar's Code of Professional Responsibility as charged in the Complaint:
1. Disciplinary Rule 5-101(A)  For accepting employment when his own financial business or personal interests were involved.
2. Disciplinary Rule 5-104(A)  For entering into a business transaction with a client when they had differing interests therein and the client expected the lawyer to use his own professional judgment to protect same and without full disclosure prior to the transaction.
3. Disciplinary Rule 9-102(B)(3)  For failing to maintain complete records and render an appropriate accounting of his handling especially with respect to the fees being charged, paid and still owing, if any.
4. Disciplinary Rule 9-102(B)(4)  For failing to return $250 as agreed to in the bankruptcy matter.
5. Rule 11.02(4) of Article XI of the Integration Rule of The Florida Bar  Failure to adequately account and return the $250.
In his recommendation as to disciplinary measures to be applied, the referee took into account the prior disciplinary history of respondent. Respondent was privately reprimanded in January of 1975 for two counts of attempted solicitation. In May of 1978 he was again privately reprimanded for cashing two checks given him by a client for fees which he had agreed to hold and *528 did not, resulting in financial penalties and inconveniences to the clients. In June of 1980 a public reprimand was ordered by this Court for disciplinary violations involving solicitation of an investor to invest in a company.
The referee has recommended that a public reprimand be administered to respondent and that respondent be placed upon probation for a period of six months to three years.
In rendering discipline, this Court considers the respondent's previous disciplinary history and increases the discipline where appropriate. See e.g., The Florida Bar v. Leopold, 399 So.2d 978 (Fla. 1981); The Florida Bar v. Greenspahn, 396 So.2d 182 (Fla. 1981); The Florida Bar v. Ryan, 396 So.2d 181 (Fla. 1981); The Florida Bar v. Greenspahn, 386 So.2d 523 (Fla. 1980); The Florida Bar v. Vernell, 374 So.2d 473 (Fla. 1979); The Florida Bar v. Rubin, 362 So.2d 12, 15 (Fla. 1978); and The Florida Bar v. Solomon, 338 So.2d 818 (Fla. 1976). The Court deals more harshly with cumulative misconduct than it does with isolated misconduct. Additionally, cumulative misconduct of a similar nature should warrant an even more severe discipline than might dissimilar conduct. The referee's discipline does not accord with the principle of cumulative discipline. Considering respondent's previous history and the fact that this involves another instance of business matters with clients, the respondent should be suspended. The respondent, Joseph Bern, is, therefore, suspended from The Florida Bar for a period of three months and one day. The suspension shall be effective January 10, 1983, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business.
Costs in the amount of $544.41 are charged to the respondent, and in addition, any other costs that have been or may be incurred as a result of these proceedings.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.