PER CURIAM.
We have for consideration a petition for review of the report of the referee in disciplinary proceedings by The Florida Bar against Joseph Bern.
Respondent Bern represented Okonski in dissolution proceedings in December, 1980. Okonski determined not to process the dissolution and contacted respondent’s office. No case had been filed. A dispute arose when respondent failed to return $45.50 court costs. There is no question that the client was entitled to receive the $45.50, but did not do so until after the grievance committee hearing, at least eight months after the initial request of the client. There is no allegation that respondent converted the $45.50 to his own use. He simply refused to turn the funds over to Okonski for several months.
In a second count respondent is charged with improper procedure in maintaining his trust account. It appeared that several checks were drawn on the trust account which should have been drawn on the law office account. Respondent indicated that he maintained $1,300 to $1,500 of his own money in earned fees in the trust account to avoid problems with bank clearances or charges. Respondent was unfamiliar with trust accounting requirements. There is no evidence of actual conversion or any client, other than Okonski, demanding trust funds. Nevertheless, respondent has improperly commingled funds in his trust account.
The referee found him guilty on both counts and, after considering his past disciplinary record, recommended that respondent be given a public reprimand and be placed on probation for a period of three years.
Respondent was privately reprimanded in January of 1975. In May of 1978 he was again privately reprimanded. In June of 1980 a public reprimand was ordered for disciplinary violation. An incident in April of 1980 resulted in our decision in The Florida Bar v. Bern, 425 So.2d 526 (Fla.1982), that respondent be suspended from The Florida Bar for a period of three months and one day. The suspension was made effective January 10,1983. This suspension of more than three months requires proof of rehabilitation. Fla.Bar Integr.Rule, art. 11, Rule 11.10(4).
The incident from which the present grievance procedure originated took place in mid-1981. Under the circumstances of this case, and particularly in view of the fact that respondent will have to prove rehabilitation before the suspension of three months and one day is lifted, a public reprimand would be appropriate discipline.
*1210 We therefore impose upon respondent Joseph Bern a public reprimand by publishing this opinion in the Southern Reporter.
Costs in the amount of $793.96 are assessed against him and a judgment in this amount is entered.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, McDonald and EHRLICH, JJ., concur.