PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the referee’s report. Grant petitions this Court for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found the following facts: 1. On December 30, 1981, Mr. Hugh W. Wheelless retained Respondent, Richard W. Grant, to assist him in collecting monies owed to him by Altha Flying Service. Mr. Grant agreed to represent Mr. Wheelless on a contingency fee basis (no monies were ever paid to Mr. Grant by Mr. Wheelless). Over the next 2 years, Mr. Wheelless attempted to establish contact with Mr. Grant on approximately 25 separate occasions either by telephone or by letter. Mr. Wheelless was concerned about the status of his case and was desirous of getting the matter resolved. Many of the attempts to contact Mr. Grant resulted in unretumed phone calls. The Respondent made some statements to Mr. Wheelless that were misleading and inaccurate such as his letter of March, 1983, which indicated that a trial would be scheduled within the next two weeks. At the time of the letter no law suit had yet been filed. On February 21, 1984, after a lack of cooperation from Respondent, Mr. Wheelless contacted the Florida Bar to file a complaint.
2. Mr. Wheelless retained other counsel and received a final judgment against Altha Flying Service. As of December, 1986 the judgment remained uncollected.
3. Respondent violated Disciplinary Rule 6-101(A) of the Code of Professional Responsibility of the Florida Bar by neglecting a legal matter entrusted to him. Respondent failed to carry out his duty owed to his client, and his inaction demonstrates a clear absence of care or attention to the obligation he assumed. By misrepresentations and inexcusable delays such as this, Mr. Grant undermines the confidence of the clients and the public in himself and the legal system within which he operates. As stated by the complainant’s attorney, “attorneys clearly owe to their clients not only a duty to represent them zealously but to act with reasonable diligence and promptness and to communicate with the client.”
4.Respondent has on two prior occasions received reprimands for violations in two separate instances of the identical Disciplinary Rule which is the subject of this action. By Orders dated May 19, 1983 [432 So.2d 53] and March 7, 1985 [465 So.2d 527] the Supreme Court of Florida issued public reprimands against Respondent for his neglect of legal matters entrusted to him by clients. Although the March 17, 1985 [sic] No. 65,-342 order was issued subsequent to the acts complained of in this cause, the May 19, 1983 reprimand was issued during Mr. Grant’s representation of Mr. Wheel-less yet he continued his pattern of neglect.
The referee recommended as follows:
It is this referee’s recommendation that based upon the foregoing findings, the record and the prior violations of Disciplinary Rule 6-101(A)(3) that the Respondent, Richard Wayne Grant, be suspended from the practice of law for a period of four (4) months to be followed by an 18 month period of probation. As a condition of probation it is this referee’s recommendation that Respondent submit monthly written status reports to the Florida Bar on all files opened in Respondent’s office, and that a finding of probable cause against Respondent related to Disciplinary Rule 6-101(A)(3), or Rules 4-1.4, or 4-3.2, of the Rules of Professional Conduct would constitute a violation of Respondent’s probation pursuant to Rule 3-5.1(c), Rules of Discipline.
In addition it is this referee’s recommendation that the cost of these proceedings be taxed against Respondent.
*1077 Grant admits that he neglected a legal matter. He challenges, however, the recommended discipline, arguing (1) that a suspension would have a devastating effect on his rural solo practice; (2) that a suspension is unnecessary to protect the public and to deter others; (3) that the discipline is harsh when compared to other similar cases; and (4) that he had no opportunity to offer evidence of mitigating factors to the referee. He suggests that a period of probation and a public reprimand are sufficient in this case.
We recognize that bar discipline affects attorneys differently depending on the multitude of variables which distinguish one practice from another. The referee considers these variables in arriving at his recommendations of discipline in each particular case. Grant admits that, after the referee reached his decision on guilt, he instructed the parties to submit argument on sanctions. Grant thus had an opportunity to present any arguments and evidence in support of a lesser discipline.
The record supports the referee’s findings of fact and recommendation of guilt. Grant’s history of ethical violations supports the recommended discipline. He has twice received a public reprimand for the same disciplinary violation present in the instant case — DR. 6-101(A)(3) (neglect of a legal matter). See The Florida Bar v. Grant, 465 So.2d 527 (Fla.1985); The Florida Bar v. Grant, 432 So.2d 53 (Fla.1983). We generally deal with cumulative misconduct more harshly than isolated misconduct. Further, “cumulative misconduct of a similar nature should warrant an even more severe discipline than might dissimilar conduct.” The Florida Bar v. Bern, 425 So.2d 526, 528 (Fla.1982).
We find the recommended discipline appropriate in the instant case. See e.g., The Florida Bar v. Hunt, 417 So.2d 967 (Fla.1982); The Florida Bar v. Fath, 391 So.2d 213 (Fla.1980). We, therefore, approve the referee’s report and adopt his recommendations. Richard Wayne Grant is hereby suspended from the practice of law for a period of four months and thereafter until he furnishes proof of rehabilitation. This suspension shall be effective thirty days from the date of this opinion, Grant shall take the necessary steps to close out his practice and protect his clients. Further, he shall accept no new business from the date of this order. Following reinstatement, Grant shall be placed on probation for a period of eighteen months. As a condition of the probation, Grant shall submit to The Florida Bar monthly written status reports regarding each open file. Judgment for costs in the amount of $660.87 is hereby entered against the respondent, for which sum let execution enter.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.
McDonald, C.J., and KOGAN, J., dissent.