PER CURIAM.
The following are the pertinent portions of a Judgment entered in these disciplinary proceedings by the Board of Governors of The Florida Bar on November 22, 1968:
“The referee found that the respondent accepted a retainer from Mrs. Nellie J. Kuber to probate the will of her deceased husband, Henry C. Kuber, and to transfer stock to her name under the provisions of the will. Subsequent to this Mrs. Kuber gave additional funds to respondent when he told her he ‘needed money’. Respondent gave Mrs. Kuber the impression that he was probating the will and transferring the stock, when, in fact, he had not done so for a period which ran for two years. The will, the stocks and funds were returned to Mrs. Kuber simultaneously with the filing of respondent’s Answer in this case.
“In addition, the referee found, on the basis of respondents statements, that the respondent is not now mentally and/or physically capable of practicing law.
“The referee recommended respondent be found guilty as charged in the Bar’s Complaint and particularly of violation of Article XI, Rule 11.02(3) (a) and Canon 11 of the Canons of Professional Ethics and Rules 1 and 27 of the Additional Rules Governing the Conduct of Attorneys in Florida [32 F.S.A.]. The referee recommended that respondent be suspended from the practice of law for three months and thereafter until he is mentally and physically capable of practicing law and that he pay the costs of these proceedings. The Board of Governors shares the referee’s concern and agrees with his finding of guilt and discipline. It is, therefore,
“ORDERED and ADJUDGED that Charles R. Knapp be suspended from the practice of law for three months and thereafter until he shows rehibilitation and that he pay the costs of these proceedings in the amount of $104.50.”
The time within which respondent may file a Petition for Review in this Court having expired and Court having duly considered the record and foregoing judgment, it is
Ordered and adjudged that the respondent, Charles R. Knapp, be suspended from the practice of law in this State for three months from the date this order is filed in the Clerk’s office and thereafter until he establishes by an appropriate proceeding before the Board of Governors and this Court his entitlement to be allowed to resume the practice of law in this State.
It is further ordered that The Florida Bar do have and recover of the respondent, Charles R. Knapp, its costs expended herein in the sum of $104.50, for which let execution issue.
It is so ordered.
DREW, Acting C. J., and THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.