PER CURIAM:
The Florida Bar has filed with this Court the report of the Referee in this disciplinary proceeding pursuant to Integration Rule 11.09(3) (f).[1] In accordance with that rule, we have duly examined the Referee’s report in the record before us. The findings and recommendations of the Referee are as follows:
“FINDINGS OF FACT AS TO COUNT I, McCORMICK REAL ESTATE CLOSING
“After considering all of the pleadings, exhibits and evidence before me, I find that:
“1. Respondent, in August, 1967, undertook to represent Mr. and Mrs. J. D. Carlton McCormick with respect to the purchase of a residence in Orange County, Florida. Respondent undertook to represent the said purchasers and received from them the sum of $104.75, plus $29.75, plus $5.00 to conclude the purchase. Respondent also prepared a Warranty Deed conveying the property to the purchasers and obtained possession of said Deed.
“2. Respondent failed to record the Deed until February 27, 1970, and failed to close the pending real estate transaction. As a result the purchasers lost the property intended to be purchased by reason of a foreclosure action and a Clerk’s Sale during the year 1968. Thereby the purchasers failed to gain or lost any interest in the property they had attempted to purchase.
“3. Respondent failed to deposit or account for the funds received, failed to notify the purchasers of his failure to conclude the purchase of the real estate and maintained no records sufficient or adequate to provide an accounting for the purchasers.
“RECOMMENDATION OF GUILT AS TO COUNT I
“It is recommended that Respondent be found guilty as charged in Count I of the Complaint, and particularly that he be found guilty of violating Rule 11.02 of Article XI, Rules of Discipline, Integration Rule of The Florida Bar; Rule B, Canon 11 of the Code of Ethics Governing Attorneys as Amended to January 1, 1967, and Rule 1, Section (II) of the Additional Rules Governing the Conduct of Attorneys in Florida.
“FINDINGS OF FACT AS TO COUNT II, GRANT W. WILSON APPEAL
“After considering all of the pleadings, exhibits and evidence before me, I find that:
“1. Respondent undertook to represent Grant W. Wilson in the Criminal *46 Court of Record, in and for Orange County, Florida, and did, on December 5, 1969, file a Notice of Appeal through the District Court of Appeals, State of Florida, Fourth District, on behalf of said Defendant.
“2. Respondent did not file any motion to permit him to withdraw as counsel and made no effort to withdraw as counsel.
“3. On June 15, 1970, the appeal to the District Court of Appeals, State of Florida, Fourth District, was dismissed for lack of prosecution.
“RECOMMENDATION OF GUILT AS TO COUNT II
“It is recommended that Respondent be found guilty as charged in Count II of the Complaint and particularly that he be found guilty of violating Rule 11.02 or Article XI, Rules of Discipline, Integration Rule of The Florida Bar; Rule B, Canon 44 of the Code of Ethics Governing Attorneys as Amended on January 1, 1967, and Rule 1, Section (II) of the Additional Rules Governing the Conduct of Attorneys of Florida.
“RECOMMENDATION OF DISCIPLINE
“It is recommended that the Respondent be disbarred from the practice of law in Florida.”
It is the opinion of this Court that the Referee’s findings and recommendations are a proper disposition of this cause. Therefore, the recommendations of the Referee are approved and adopted as the judgment of this Court. Costs are assessed against the respondent in the amount of $1148.55.
ROBERTS, C. J., and ERVIN, ADKINS, BOYD and DEKLE, JJ„ concur.

. No request for.argument has been submitted by either party.