PER CURIAM.
This disciplinary proceeding against Ronald Fath is before us upon complaint of The Florida Bar and report of the referee. No petition for review has been filed.
. , The referee has made the following fmd-ings 0f fact relative to Fath’s misconduct:
As to Count I
Respondent was hired in October, 1976 by Mr. Harry Ward to prosecute an uncontested divorce action. It was understood that he would institute the proceedings immediately. Mr. Ward paid him a total of $400.00 for his services. Mr. Ward repeatedly phoned to and visited Respondent’s office to urge action but Respondent did not have Mrs. Ward served with civil action summons until April 4, 1977, over five months after Mr. Ward had employed Respondent. The divorce was eventually obtained through a countér-claim filed by Mrs. Ward’s attorney. Mr. Ward demanded that Respondent refund the fees paid to him; however no refund was ever made by Respondent. Mrs. Ward’s attorney had to draft a property settlement agreement, although Mr. Ward had requested Respondent to prepare the property settlement agreement, but without results. Respondent claimed that he had made an effort to prepare the property settlement agreement. Mr. Ward’s detailed explanation of the work actually done by Respondent on the property settlement agreement apparently discredits the validity of Respondent’s explanation.
As to Count II
Respondent was retained in June, 1975 by Ms. Geordiana Cuevas for advice as to her legal rights arising from an automobile accident. He first sent her to a Dr. Vento, then to Dr. Cohen. On March 31, 1977 Ms. Cuevas received a check from an insurance company, in the amount of $877.00, with which to pay the doctors’ bills. She endorsed and delivered this *788 check to Respondent’s office, so that he could pay the bills. Respondent placed the proceeds in his operating account, not a trust account. Respondent never paid the doctors, despite Ms. Cuevas’ repeated request that he do so. See also letter to Respondent from Ms. Cuevas. Respondent stated that he did not pay the doctors because he thought the funds received represented his fee. The testimony of Ms. Cuevas, as well as the statement offered by Respondent in mitigation of these charges, do not in the Referee’s opinion support the credibility of Respondent’s explanation.
The referee recommends that Fath be found guilty of Count I and explained:
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, the Integration Rules of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to wit:
Respondent neglected a legal matter entrusted to him in violation of DR 6-101(A)(3). Such handling of matters entrusted to him by clients appears to be his customary way of practicing law. This is supported and revealed by the Judicial Circuit Grievance Committee Report Finding Probable Cause. His explanations appear to the Referee as being not worthy of belief.
The referee also recommends that Fath be found guilty of Count II and specifically that he be found guilty of violating Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(1), (4), (6), 6-101(A)(3), and 9-102(B)(4).
Because of this described misconduct and because of Fath's previous disciplinary record (The Florida Bar v. Fath, 368 So.2d 357 (Fla.1979)), the referee recommends that Fath be disbarred.
After review of the record and report of the referee, we approve the findings of the referee. We conclude, however, that disbarment is not the appropriate discipline.
Ronald Fath is hereby suspended from the practice of law for a period of two years from the date of this order. His reinstatement after such period will be conditioned upon proof of rehabilitation. Costs are assessed against the respondent in the amount of $674.80.
It is so ordered.
ADKINS, BOYD, OVERTON and MCDONALD, JJ., concur.
ENGLAND, C. J. and ALDERMAN, J., would approve the referee’s disbarment recommendation.