661 So.2d 296 (1995)
THE FLORIDA BAR, Complainant,
v.
Leon ROLLE, Respondent.
No. 83979.
Supreme Court of Florida.
October 12, 1995.
*297 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Pamela Pride-Chavies, Bar Counsel, Miami, for Complainant.
Leon Rolle, pro se, Miami, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar ("the Bar") and the referee's report regarding alleged ethical breaches by Leon Rolle. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
After the Bar filed a complaint charging Rolle with neglecting client business, Rolle failed to appear for the final hearing set for October 17, 1994. When the referee reset the final hearing for December 5, 1994, Rolle again failed to appear. Rolle eventually did appear for a final hearing on December 13, 1994.
The referee made the following findings of fact concerning Rolle's conduct:
A. That Leon Rolle is and was at all times hereinafter mentioned a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
B. That in ... approximately the latter part of October 1992, Michael Sweeting (hereinafter referred to as "Sweeting"), hired Respondent, Leon Rolle, to represent him in a Federal criminal case in the Northern District of Florida captioned, United States v. Michael Anthony Sweeting, XX-XXXXX-X MN.
C. That the Respondent filed a Notice of Appearance with the Court on November 9, 1992, to represent Sweeting in the aforementioned case... .
D. That the Notice of Appearance was returned to the Respondent by the Clerk of the Northern District on November 12, 1992, based upon the fact that he was no longer admitted to practice in the Northern District of Florida and under Local Rule 4(A)... .
E. That in lieu of filing an appearance, the Respondent was advised to process a Motion to Appear Pro Hac Vice in order to represent Sweeting.
F. That at the time Respondent attempted to give notice to the Court of his representation of Sweeting, the Sweeting case was set to go forward for trial on November 16, 1992.
G. That on the trial date, November 16, 1992, the Respondent did not appear in court on behalf of his client and Sweeting appeared without counsel.
H. That based upon the non-appearance of the Respondent on Sweeting's behalf, the Court appointed the Public Defender for Sweeting and continued the case until January 25, 1993.
I. That on January 21, 1993, the Respondent was still not counsel of record, although hired by Sweeting.
J. The Public Defender on January 21, 1993, filed a Motion for Continuance to allow additional time to determine the Respondent's role in the Sweeting trial.
K. That the Respondent did not file the recommended Petition to Appear Pro Hac Vice with the Court until January 22, 1993.
L. That the Court, on February 2, 1993, denied the Respondent's Petition to Appear Pro Hac Vice.
M. That the Respondent refiled his Petition for Pro Hac Vice on February 17, 1993, and still had not appeared in person on behalf of Sweeting.

*298 N. That as of February 17, 1994, the Respondent had not been admitted to practice in the Northern District of Florida nor admitted to Federal Practice in the Southern District of Florida.
O. That in order to appear in Pro Hac Vice in Federal practice in the Northern District of Florida it is required that an attorney be admitted to practice in the Southern District of Florida.
P. That on February 18, 1993, the Court granted the Respondent's Petition to Appear Pro Hac Vice, in part and allowed the Respondent to represent Sweeting in the Northern District as co-counsel only.
Q. That the Respondent charged Sweeting fees for the time he spent in his pursuit of the Respondent's admittance to practice before the Federal Bar in the Northern District of Florida.
R. That on the eve of the Sweeting trial, the Respondent contacted Sweeting and advised him that he would not be present at his trial in Pensacola.
S. That Sweeting on February 23, 1993, was convicted of the offense for which he was charged and was not represented at the trial in whole or in part by the Respondent.
T. That the Respondent did not, prior to the trial and conviction of Sweeting, give Sweeting or anyone else written or oral notice of withdrawal of his services as Sweeting's lawyer.
U. That although the Respondent had offered to refund a portion of the fees rendered to him by Sweeting, to date, no money has been refunded to Sweeting in reference to this matter.
Based on the above facts, the referee made the following recommendation as to guilt:
III. Recommendation as to Whether or Not the Respondent Should Be Found Guilty: I make the following recommendations as to guilt or innocence: By reasons of the foregoing, I recommend that the Respondent be found guilty as he has violated Rule 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client) of the Rules of Professional Conduct.
Before recommending discipline, the referee took into account Rolle's prior record:
A. Respondent, LEON ROLLE, has previously received a "Minor Misconduct."
B. Respondent has been found to have been guilty of two counts of breaches of the Rules of Professional Conduct for similar misconduct ... Supreme Court Case 83,322, by way of Order dated August 1, 1994, which Order is on appeal.
Based on the foregoing, the referee made the following recommendation as to discipline:
V. Recommendations as to Disciplinary Measures to be Applied: I recommend that the actions of the Respondent, LEON ROLLE, constitute a failure to act with reasonable diligence when representing a client, in violation of Rule 4-1.3 of the Rules of Professional Conduct and recommend that he be suspended from the practice of law for a period of six (6) months.
Rolle does not contest the referee's findings of fact or recommendation of guilt, but rather claims that the recommended discipline is too harsh when compared to other cases. We disagree and find the recommended discipline appropriate in light of the fact that a private reprimand has failed to deter Rolle from engaging in this misconduct in the past and he is presently being suspended for ninety-one days in another case before this Court for neglecting client business. See Florida Bar v. Rolle, 661 So.2d 301 (Fla. 1995).
In rendering discipline, this Court considers the respondent's previous disciplinary history and increases the discipline where appropriate. The Court deals more harshly with cumulative misconduct than it does with isolated misconduct. Additionally, cumulative misconduct of a similar nature should warrant an even more severe discipline than might dissimilar conduct.
Florida Bar v. Bern, 425 So.2d 526, 528 (Fla. 1982) (citations omitted).
Leon Rolle is hereby suspended from the practice of law in Florida for six months, which term is to run concurrently with the ninety-one day suspension in Florida Bar v. Rolle, 661 So.2d 301 (Fla. 1995). The suspension *299 will be effective thirty days from the filing of this opinion so that Rolle can close out his practice and protect the interests of existing clients. If Rolle notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Rolle shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment for costs in the amount of $1,218.15 is entered in favor of The Florida Bar against Leon Rolle, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.