PER CURIAM.
We have for review the complaint of The Florida Bar (“the Bar”) and the referee’s report regarding alleged ethical breaches by Leon Rolle. We have jurisdiction. Art. Y, § 15, Fla. Const. We approve the report.
After the Bar filed a complaint charging Rolle with two counts of neglecting client business, Rolle faded to attend the referee’s status conference, failed to respond to the Bar’s request for admissions, and failed to attend the final hearing. Before the referee issued his report, Rolle filed a motion for rehearing, which the referee granted. Pursuant to the hearing, which Rolle attended, the referee recommended that Rolle be found guilty of violating certain disciplinary rules and be suspended for three months.
The referee made the following findings of fact concerning Rolle’s conduct:
As to Count I
That on or about March 13, 1992, Respondent, LEON ROLLE, was appointed by Judge Arthur S. Snyder to represent the Defendant, Junior Beaubrum, on an appeal of his conviction in the Dade County Circuit Court Criminal Division.
That Defendant, Junior Beaubrum, attempted to contact Respondent, LEON ROLLE, by letter dated March 80, 1992, to communicate with him and to obtain a status report on his appeal.
That Respondent, LEON ROLLE, failed to respond to Junior Beaubrum’s letter and first request for information concerning his case.
That Junior Beaubrum attempted to contact Respondent, LEON ROLLE, by letter dated May 25, 1992, to obtain a status report on his appeal.
That Respondent, LEON ROLLE, failed to respond to Junior Beaubrum’s second request for information concerning his case.
That Junior Beaubrum attempted to contact Respondent, LEON ROLLE, by letter dated November 18, 1992, to obtain a status report on his appeal.
That Respondent, LEON ROLLE, failed to respond to Junior Beaubrum’s third request for information concerning his case.
That Respondent, LEON ROLLE, eventually filed a brief on behalf of Junior Beaubrum, and later a Motion to Supplement Appellee’s Brief.
That Junior Beaubrum requested, by notarized letter dated May 23, 1993, from Respondent, LEON ROLLE, a copy of the trial transcript.
That Respondent, LEON ROLLE, failed to provide a copy of the transcript requested by Mr. Beaubrum and failed to respond to the fourth request of Junior *302 Beaubrum for status information and/or documentation related to Ms appeal.
That Grievance Committee 11“H” investigating member, Julie Feigeles, requested from Respondent, LEON ROLLE, by letter dated July 27, 1993, a copy of all correspondence and documentation evidencing communication between Respondent, LEON ROLLE, and Junior Beau-brum.
That Respondent, LEON ROLLE, failed to respond to the request of investigating member Julie Feigeles, or provide her with any copies of correspondence and/or documentation evidencing communication between Respondent, LEON ROLLE, and Junior Beaubrum.
As to Count II
That on or about October 4, 1991, Haro-lyn Williams retained the Respondent, LEON ROLLE, to represent her in a dissolution of marriage proceeding.
That on or about October 4, 1991, Haro-lyn Williams paid Respondent, LEON ROLLE, $425.00 ... to represent her in said dissolution of marriage proceeding.
That Respondent, LEON ROLLE, took no steps in furtherance of the dissolution of marriage action captioned Harolyn Williams v. Raymond L. Williams, 91-231600 FC-04.
That civil docket sheet in Case Number 91-231600 FC-04, reflected that there had been no activity in the case of Harolyn Williams v. Raymond L. Williams since November of 1991.
That Harolyn Williams has repeatedly requested that the Respondent, LEON ROLLE, forward to her information and documents pertaining to her case.
That Respondent, LEON ROLLE, failed to provide Harolyn Williams with copies of any pleadings or documents filed in connection with her ease as requested by her.
That Harolyn Williams had attempted to contact Respondent, LEON ROLLE, by telephone on numerous occasions and that Respondent, LEON ROLLE, had repeatedly failed to respond to Harolyn Williams by telephone and has never contacted her by mail in relation to her case.
The referee recommended that Rolle be found guilty of violating the following disciplinary rules:
As to Count I
I recommend that the Respondent, LEON ROLLE, be found guilty and specifically that he be found guilty of the following violations, to wit: That by reason of the foregoing, Respondent has violated Rule 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client), Rule 4-1.4 (A lawyer shall inform a client of the status of representation and shall inform a client of the status of representation and shall explain matters to a client) and Rule 4-8.1(b) (A lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority).
As to Count II
I recommend that the respondent be found guilty and specifically that he be found guilty of the following violations, to wit: That by reason of the foregoing, Respondent has violated Rule 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client) and Rule 4-1.4 (A lawyer shall inform a client of the status of representation and shall explain matters to a client) of the Rules Regulating The Florida Bar.
Before recommending discipline, the referee took into account Rolle’s prior record:
IV. Personal History and Past Disciplinary Record: After finding of guilty and prior to recommending discipline to be recommended pursuant to Rule 3-7.6(k)(l)(D), I considered the following personal Mstory and prior disciplinary record of the Respondent, to wit: Respondent, LEON ROLLE, has previously received a “minor misconduct” which was a private reprimand for conduct that was almost identical: For failing to adequately represent a client in a matter and for that client having difficulty in communicating *303 with and contacting LEON ROLLE and reaching his office.
Based on the foregoing, the referee made the following recommendation as to discipline:
V. Recommendations as to Disciplinary Measures to be Applied: I recommend that the Respondent, LEON ROLLE, be suspended from the practice of law for a period of three months and thereafter until he has successfully taken and completed the Ethics portion of the Florida Bar as provided in the Rules of Discipline.
Rolle does not contest the referee’s findings of fact or recommendations of guilt, but rather claims that the recommended discipline is inconsistent with that imposed by this Court in similar cases. We disagree and find the recommended discipline appropriate. See, e.g., Florida Bar v. Fath, 368 So.2d 357 (Fla.1979); Florida Bar v. Knapp, 219 So.2d 41 (Fla.1969); Florida Bar v. Champlin, 195 So.2d 215 (Fla.1967); Florida Bar v. Rose, 187 So.2d 329 (Fla.1966). We note that a private reprimand has failed to deter Rolle from this misconduct in the past.[1]
Accordingly, we approve the recommended discipline. Leon Rolle is hereby suspended from the practice of law in Florida for ninety-one days and thereafter until he takes and passes the professional responsibility portion of the Florida bar examination. The suspension will be effective thirty days from the filing of this opinion so that Rolle can close out his practice and protect the interests of existing clients. If Rolle notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Rolle shall accept no new business from the date this opinion is filed until the suspension is completed. Judgement for costs in the amount of $1,052.18 is entered in favor of The Florida Bar against Leon Rolle, for which sum let execution issue.
It is so ordered.
GRIMES, G.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. Rolle is before this Court in another disciplin-aiy case being decided simultaneously with this case. See Florida Bar v. Rolle, 661 So.2d 296 (Fla.1995).