770 So.2d 1207 (2000)
THE FLORIDA BAR, Complainant,
v.
Larry B. ROBERTS, Respondent.
No. SC94828.
Supreme Court of Florida.
October 19, 2000.
John F. Harkness, Jr., Executive Director and John Anthony Boggs, Staff Counsel, Tallahassee, Florida; and Monica Ann Frost and Thomas E. DeBerg, Assistant Staff Counsels, Tampa, Florida, for Complainant.
Thomas G. Hersem, Clearwater, Florida, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Larry B. Roberts. Roberts petitions for review, challenging the referee's recommended discipline. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons stated, we approve the referee's findings of fact and recommended discipline.
The Florida Bar filed a complaint against Roberts alleging various ethical violations concerning his representation of a client in a dissolution of marriage proceeding. A hearing was held on June 11, 1999, and the referee made the following findings of fact.
On September 24, 1996, a client hired Roberts to represent her in a dissolution of marriage proceeding. After being served with a petition for dissolution, the client went to Roberts' office for a scheduled appointment and was informed that another attorney would be handling her case. Roberts failed to inform the client that this attorney was not affiliated with his law firm. Roberts did not have written permission from the client allowing him to refer her case to outside counsel. Moreover, when the referred attorney attempted to obtain the client's financial records *1208 from Roberts, he was informed that they had been misplaced.
The referred attorney thereafter failed to appear for two scheduled appointments and could not be reached. It was then that the client learned that he was not an associate of Roberts' firm. Because the client was no longer satisfied with her representation by the referred attorney, Roberts agreed to meet with her on January 14, 1997. At this meeting, Roberts attempted to return the client's retainer and advised her to hire new counsel. The client did not want Roberts to withdraw from the case because it had been four months since the divorce proceeding began. At this time, the client's financial records had still not been found. Roberts agreed to remain on the case, and an agreement was executed.
Roberts subsequently attended a case management hearing on April 28, 1997. Following this hearing, the client attempted on several occasions to discuss the hearing with Roberts and requested a status report. On May 12, 1997, the client was notified that mediation had been scheduled for July 16, 1997. On May 29, 1997, the client received a letter from Roberts informing her that he would be closing his law offices as of 4 p.m. on May 30, 1997, and referring her to a third attorney. The client then called Roberts and insisted that he handle her case at mediation. Roberts assured the client that he would remain on her case and represent her at the mediation. The client called Roberts several times between June 6, 1997, and June 23, 1997, to discuss the mediation; however, Roberts refused or failed to return her calls. The client then retained another attorney to represent her on June 23, 1997, leaving new counsel less than a month to prepare for mediation.
Based on this conduct, the referee found that Roberts had failed to keep the client reasonably informed of the status of her representation in violation of rule 4-1.4(a) of the Rules Regulating The Florida Bar and had failed to explain the matter to the client to the extent reasonably necessary to permit the client to make an informed decision, in violation of rule 4-1.4(b).
In aggravation, the referee considered Roberts' disciplinary history, consisting of: (1) a private reprimand on May 8, 1984, for neglect; (2) an admonishment on September 24, 1992, for "allowing kids to drink in his house"; (3) an admonishment on December 15, 1993, for failing to communicate; (4) an admonishment on January 20, 1995, for failing to comply with the Rules of Discipline concerning the supervision of a suspended lawyer; and (5) a ninety-day suspension on April 1, 1999, for lack of communication, failing to hold a client's funds in trust and collecting unearned fees. In mitigation, the referee considered the fact that Roberts was suffering from personal or emotional problems.[1] Based on these findings, the referee recommended that Roberts be suspended for six months and thereafter until rehabilitation is proven and upon reinstatement be placed on one year's probation. The referee recommended that the suspension run concurrent with that imposed on April 1, 1999.
Neither party contests the referee's findings of fact, and we find them to be supported by the record. See Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986). Therefore, we approve the referee's decision as to the violations of the Rules of Professional Conduct.
Roberts, however, challenges the referee's recommendation as to discipline and argues that it should not be approved because it is based on an improper aggravator. Roberts argues that the referee erred in making his disciplinary recommendation because the referee considered in aggravation Roberts' prior disciplinary proceeding occurring April 1, 1999. Roberts contends that because the conduct *1209 that was the subject of that proceeding occurred after the conduct in the instant case, the referee is precluded from considering it in aggravation. We do not agree.
We considered a similar contention in Florida Bar v. Golden, 566 So.2d 1286 (Fla.1990). In that case, Golden argued that the referee's disciplinary recommendation should not be followed because the referee erroneously determined that Golden had committed cumulative misconduct and a prior disciplinary offense. See id. at 1287. Golden argued that, at the time the misconduct under review occurred, he had not committed any prior misconduct because any prior misconduct was not subjected to discipline until after his conduct in the case under review occurred. See id. This Court held that cumulative misconduct is a relevant factor when determining the appropriate penalty in a disciplinary matter. See id. at 1287. The Court found that it was proper for the referee to consider the prior disciplinary proceeding, noting that cumulative misconduct can be found "when the misconduct occurs near in time to the other offenses, regardless of when discipline is imposed." Id. at 1287. Thus, the referee properly considered Roberts' misconduct that resulted in the prior proceeding.
Roberts' related argument, that had this been a criminal proceeding the referee would not have been able to consider the subsequent misconduct, is also without merit. This Court has held that Bar disciplinary proceedings are neither civil nor criminal but are quasi-judicial administrative proceedings to which many of the technical requirements of a criminal case do not apply. See Florida Bar v. Vannier, 498 So.2d 896 (Fla.1986).
Because the referee properly considered the misconduct that resulted in the April 1, 1999, suspension, cases cited by Roberts in support of a one-month suspension had that proceeding been removed as an aggravating factor do not apply. Considering Roberts' disciplinary history, we find that the referee's recommendation is reasonably supported by existing case law. See Florida Bar v. Fredericks, 731 So.2d 1249, 1254 (Fla.1999).
In Florida Bar v. Brakefield, 679 So.2d 766 (Fla.1996), and Florida Bar v. Rolle, 661 So.2d 296 (Fla.1995), this Court imposed a six-month suspension for misconduct similar to what occurred in this case. In Rolle the attorney was found guilty of violating rule 4-1.3 for failing to act with reasonable diligence in representing a client. 661 So.2d at 298. Rolle had two prior disciplinary actions. See id. In Brakefield, the attorney was found guilty of violating rules 4-1.1, 4-1.3, 4-1.4(a), 4-1.4(b), and 1.16(d) for various acts of client neglect. 679 So.2d at 769-70. Brakefield also had two prior disciplinary actions. See id. at 679. Thus, the referee's recommended discipline is reasonably supported by existing case law.
We here make the specific point that an attorney's consideration of his or her client's interests and communication with the client at reasonable times in response to the client's inquiries are a vital and necessary part of the attorney-client relationship. We expect and require this of members of The Florida Bar and will not hesitate to impose discipline upon Florida attorneys who do not fulfill these obligations to their clients.
In conclusion, we approve the referee's findings of fact. As to discipline, the referee recommended that Roberts' sixmonth suspension run concurrent with the ninety-day suspension imposed April 1, 1999. Such a recommendation, if followed, would result in an actual suspension of three months and require proof of rehabilitation prior to reinstatement. However, because the previous suspension has terminated, in order to effectuate the intent of the referee, we hereby suspend Roberts for ninety-one days, which will require proof of rehabilitation prior to reinstatement.
Accordingly, Larry B. Roberts is hereby suspended from the practice of law in *1210 Florida for ninety-one days and thereafter until he has shown proof of rehabilitation. Upon reinstatement, Roberts shall be on probation for a period of one year. The suspension will be effective thirty days from the filing of this opinion so that Roberts can close out his practice and protect the interests of existing clients. If Roberts notifies this Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Roberts shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Larry B. Roberts in the amount of $1,043.62, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Though the failure to do so is not harmful error in this case, when mitigation is found the referee should set forth with specificity those facts that support such a finding.