PER CURIAM.
This disciplinary proceeding against respondent E. Coleman Madsen, a member of The Florida Bar, is before us on complaint of The Florida Bar, report of the referee, and petition of Madsen to review the referee’s report.
Having considered the pleadings and evidence, the referee found as follows:
1. On July 11, 1980, Bobby H. and Pauline Boeneke purchased a motor home from Motor Homes of Florida, Inc. One Keith Gordon handled the sale for the seller. They made a down payment of approximately $7,900.00 ($5,400.00 cash and $2,500.00 trade) and executed finance papers for the balance of approximately $9,400.00.
2. From the beginning they had serious trouble with the motor home. On a trip to Atlanta (which commenced the day of the purchase) they experienced difficulty. On their return to Jacksonville, the seller supposedly had the motor home repaired, but on a trip to New Orleans, the same difficulties recurred, and some thirty miles from New Orleans the motor “blew-up” and the motor home was towed to New Orleans.
3. The Boenekes were in frequent touch with the seller, and Gordon promised to help them with their expenses for hotels, etc. in New Orleans. They obtained other transportation for the return trip to Jacksonville; and, before going home, the Boenekes, drove by the seller’s place of business and talked with Gordon. He told them that he had made an appointment for them to see Respondent the next day, which was August 8, 1980.
4. At the time, Respondent was the attorney for Motor Homes of Florida, Inc. and Keith Gordon. This was not disclosed to the Boenekes. On August 8, the Boenekes met with Respondent and they gave him a check for $256.00. The Boe-nekes claim this was for representing them in rescinding their purchase of the motor home and obtaining a new one. The Respondent disputes this and says it was for a retainer and expenses with regard to an unreleated [sic] accident claim against one Helms.
5. Whether by reason of the request from Gordon or the payment of $256.00, the Respondent did undertake to represent the Boenekes. On August 11, 1980, Respondent wrote a letter to Champion Home Builders, the maker of the *948 motor home, demanding that the one the Boenekes had purchased be replaced with a new one and that they be reimbursed for their expenses in New Orleans and attorneys fees “as a result of the engine failure”. The letter was signed “E. Coleman Madsen Attorney for the Boenekes”.
6. According to the Boenekes, they telephoned Respondent many times. After this failed to produce any results, Pauline Boeneke telephoned Champion Home Builders in Thomasville, Georgia about the situation. In this telephone conversation, she was informed (probably erroneously) that Champion Home Builders knew nothing of their claim, but that they did know Respondent who was attorney for Motor Homes of Florida, Inc.
7. Following this and on September 12, 1980, the Boenekes went to see Respondent and discharged him. They obtained an attorney who procured a refund of the $256.00. Subsequently, the Boenekes obtained other counsel who filed suit against Motor Homes of Florida, Inc., et al., and Respondent represented said defendant in the action brought by the Boe-nekes.[1]
The referee found that Madsen’s actions in representing the Boenekes in an attempt to obtain a replacement motor home, together with expenses and attorneys fees, and then in representing the seller in an action brought by the Boenekes on the same transaction constituted conduct that is prejudicial to the administration of justice in violation of Disciplinary Rule 1-102(A)(5) of the Code of Professional Responsibility of The Florida Bar. He further found that Madsen violated Disciplinary Rule 5-105(A) in not declining to represent the Boenekes in the transaction, when he represented the seller and should have known that the exercise of his professional judgment for the Boenekes would be adversely affected by his existing representation of their adversaries in litigation. The referee recommended that Madsen be found not guilty of violating Disciplinary Rule 4-101(B), because the record showed no evidence that he used or revealed any confidence or secret of his client. Based on these findings of professional misconduct, the referee recommended that a public reprimand be administered, and that Madsen be required to pay the costs of the proceeding.
We have carefully reviewed the record and approve the findings and recommendations of the referee. The findings of fact are based on competent and substantial evidence and the recommended disciplinary action is appropriate. We hereby reprimand E. Coleman Madsen for engaging in conduct that is prejudicial to the administration of justice and for failing to decline proffered employment when the exercise of his independent professional judgment on behalf of a client was likely to be adversely affected. Costs in the amount of $689.84 are assessed against Madsen.
It is so ordered.
SUNDBERG, C. J., and ADKINS, ENGLAND, ALDERMAN and McDONALD, JJ., concur.

. Through scrivener’s error, the referee’s report erroneously refers to the events in this case as occurring in 1980. The record reflects that they actually occurred in 1978.