668 So.2d 585 (1996)
THE FLORIDA BAR, Complainant,
v.
Robert John SCHRAMM, Respondent.
Nos. 84493, 85243.
Supreme Court of Florida.
February 22, 1996.
*586 John F. Harkness, Jr., Executive Director; John T. Berry, Staff Counsel and John V. McCarthy, Bar Counsel, The Florida Bar, Tallahassee, for Complainant.
Baya Harrison, III, Monticello, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar (the Bar) and the referee's report regarding alleged ethical breaches by Robert Schramm. We have jurisdiction. Art. V, § 15, Fla. Const. The two cases before the Court embrace Florida Bar Case Nos. 94-01105-03, 94-00933-03 and 94-00728-03.

I. CASE NO. 94-00933-03
The referee made the following findings of fact concerning the acts of misconduct allegedly committed by Schramm in Case No. 94-00933-03:
Respondent represented Ronald Alan Fleming in civil case number 93-173-CA in the circuit court, Third Judicial Circuit, in and for Taylor County, Florida. On February 28, 1994, Respondent argued a Motion for Disqualification of Trial Judge before Judge Paul S. Bryan in civil case 93-173-CA. The basis of the motion to disqualify Judge Bryan was that opposing counsel Mike Smith's brother had once shared offices with Judge Bryan.
During the course of the hearing in civil case 93-173-CA, Respondent informed Judge Bryan that he discussed (presumably with his client) at length, the former husband's allegations contained in the Motion for Disqualification and had made a good faith effort to verify all of these allegations and to the best of his knowledge, the allegations were true. The Court granted Respondent's Motion for Disqualification and then informed the Respondent that the allegations were not true.
After Judge Bryan informed Respondent and his client that the allegations were untrue, the Respondent stated, "I did make an effort to verify that from other sources who told me the same thing. In fact, practicinga few attorneys."
The Respondent had not discussed the basis for his Motion to Recuse with any attorneys. The Respondent had not called Mike Smith's brother to find out if the allegations made in his Motion to Recuse Judge Bryan were accurate.
After making the above findings of fact, the referee made the following recommendations concerning guilt:
Respondent has admitted through counsel to violating Rule 3-4.3 (the commission by a lawyer of any act which is unlawful or contrary to honesty and justice) of the Rules of Discipline of The Florida Bar; and Rules 4-3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal), 4-3.3(b) (the duties stated in paragraph (a) continue beyond the conclusion of the proceeding and apply even if compliance requires disclosure of information otherwise protected by rule 4-1.6), 4-4.1(a) (in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person), 4-4.1(b) (in the course of representing a client a lawyer shall not knowingly fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by rule 4-1.6), 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another), 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis including, but not limited to on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic), of the Rules of Professional Conduct of The Florida Bar.

*587 II. CASE NO. 94-00728-03
The referee made the following findings of fact concerning the acts of misconduct allegedly committed by Schramm in Case No. 94-00728-03:
Respondent represented Kathi Evans with respect to a Petition for Modification filed in civil case no. 85-574-CA, in the Fifth Judicial Circuit, in and for Hernando County, Florida. A hearing on Respondent's Petition for Modification was scheduled for January 31, 1994.
On January 26, 1994, Respondent filed a Motion for Continuance dated January 21, 1994. Subsequently, Respondent had a telephone conversation with the presiding Judge Hale R. Stancil and discussed the content of the Motion for Continuance. Respondent discussed a divorce case which was being held the same day as the hearing on the Petition for Modification.
In fact, there was no divorce hearing involving Respondent for the same day as the hearing on the Petition for Modification in case no. 85-574-CA.
Respondent lied to the court with respect to his assertion that he had a calendar conflict in his Motion for Continuance in case number 85-574-CA. Respondent lied to Judge Stancil during a subsequent telephone conversation regarding the Motion for Continuance.
After making the above findings of fact, the referee made the following recommendations concerning guilt:
Respondent has admitted through his pleadings that he has violated Rule 3-4.3 (the commission by a lawyer of any act which is unlawful or contrary to honesty and justice) of the Rules of Discipline of The Florida Bar; and Rules 4-3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal), 4-3.3(b) (the duties stated in paragraph (a) continue beyond the conclusion of the proceeding and apply even if compliance requires disclosure of information otherwise protected by rule 4-1.6), 4-3.3(d) (in an ex parte proceeding a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse), 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another), 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects), 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis including, but not limited to on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic), of the Rules of Professional Conduct of The Florida Bar.

III. CASE NO. 94-01105-03
The referee made the following findings of fact concerning the acts of misconduct allegedly committed by Schramm in Case No. 94-01105-03:
On or about April 22, 1994, the Respondent was retained by Ms. Barbie Ann Powell to represent her in a foreclosure action which had been brought against her with respect to her home. The Respondent was paid $75.00 at the initial interview and Ms. Powell subsequently forwarded approximately $105.00 to him. Respondent had been informed by Ms. Powell that a final hearing in her case had been set for June 2, 1994.
Ms. Powell had received a certified money order from her brother to pay off the loan on her home. Ms. Powell had been informed that the certified money order was unacceptable to the local banks and unacceptable to the holder of the note. Respondent took no steps to find out if the certified money order Ms. Powell had presented to the holder of the note and mortgage *588 was negotiable or if there was some other procedure which had to be followed with respect to it.
During the period of April 22, 1994 to June 2, 1994, Ms. Powell made several telephone calls to the Respondent's office but was never able to get in contact with him. Respondent never returned any of Ms. Powell's telephone calls. During the period of April 22, 1994 to June 2, 1994, the Respondent did not send any correspondence to Ms. Powell regarding her case.
Respondent did not file a notice of appearance in Ms. Powell's civil case. Respondent did not file any pleadings in Ms. Powell's civil case. Respondent did not correspond with opposing counsel in any way indicating that he was representing Ms. Powell. During the last week of May and the first week of June, 1994, Respondent was representing an individual in a first degree murder trial. According to the Respondent, he attempted to have his secretary arrange for a continuance of the civil case involving Ms. Powell.
Respondent thought that his secretary had gotten a continuance in Ms. Powell's case. Respondent did not notify Ms. Powell that he was trying to get a continuance in her civil case. There is no court order granting a continuance in Ms. Powell's case.
On June 2, 1994, a final hearing was held before Judge Paul Bryan in Ms. Powell's civil case. Ms. Powell informed the court that the Respondent had been retained to represent her and that he was not present. Judge Bryan, noting that the Respondent had filed nothing in the court file indicating that he was in fact representing Ms. Powell allowed the hearing to continue. Ms. Powell subsequently lost her home. After the June 2, 1994, hearing the Respondent did not communicate with Ms. Powell.
Based upon the testimony at the final hearing, Respondent did not know if he would get a continuance in Ms. Powell's case having not received a message from his secretary regarding her efforts to contact opposing counsel until after the actual hearing had taken place. Respondent indicated if his secretary had not gotten a continuance, she would have informed him.
The apparent basis of Ms. Powell's defense in her foreclosure case was that she had given the note holder a certified money order she had received from her relative. The note holder had refused to accept the money order, believing it to be invalid, and proceeded to file a foreclosure action. The Respondent told Ms. Powell at their first meeting that the note holder wouldn't accept the certified money order. The Florida Bar is not asserting within these proceedings that the money order Ms. Powell had was valid or that it would have prevented the foreclosure action on her home. The Florida Bar is asserting that we will never know what the results of Ms. Powell's case would have been if she had been represented by the Respondent.
The Respondent, at the final hearing, attempted to show that Ms. Powell was trying to defraud the note holder, a fact Ms. Powell denied.
The Respondent failed to represent Ms. Powell and did not return the fee he was paid. Respondent failed to communicate with Ms. Powell in any manner after the initial meeting.
After making the above findings of fact, the referee made the following recommendations concerning guilt:
Respondent has violated Rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), of the Rules of Professional Conduct of The Florida Bar, by failing to represent Ms. Powell in any way in her foreclosure suit.
Respondent has violated Rules 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information), 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make an informed decision regarding the representation), of the Rules of Professional Conduct, based upon the fact that he did not communicate with Ms. Powell after their first meeting.

*589 IV. CONCLUSION
The referee recommended that the following discipline be imposed for the above violations:
[T]hat the Respondent be suspended for a period of ninety-one (91) days; thereafter until Respondent shall prove rehabilitation and for an indefinite period until Respondent shall pay the cost of these proceedings and make restitution to his client Ms. Barbie Powell in the amount of one hundred and eighty dollars ($180.00), as provided in Rule 3-5.1(I), Rules of Discipline.
Schramm admits most of the Bar's allegations against him, but contends that the referee erroneously adopted the following language from the Bar's written closing argument:
Respondent has admitted through his pleadings that he has violated Rule ... 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects)....
Schramm argues that there is nothing in the record to support the statement that he committed a criminal act and that no such charge was made in the Bar's original complaint. We agree. The record supports Shramm's position on this issue. Accordingly, we adopt the referee's recommendations of guilt except for the language quoted above regarding a violation of Rule Regulating the Florida Bar 4-8.4(b).
We further adopt the referee's recommendation concerning discipline in its entirety. The referee's disciplinary recommendation is justified by the findings of fact contained in the referee's report. There are multiple violations not contested by Schramm and the case law regarding the discipline imposed in analogous cases supports the referee's recommendation. See, e.g., Florida Bar v. Merwin, 636 So.2d 717 (Fla.1994); Florida Bar v. Colclough, 561 So.2d 1147 (Fla.1990); Florida Bar v. Grant, 514 So.2d 1075 (Fla.1987); Florida Bar v. Oxner, 431 So.2d 983 (Fla.1983).
Robert Schramm is hereby suspended for a period of ninety-one days and thereafter until he proves rehabilitation, pays the costs of these proceedings, and makes restitution to his client, Ms. Barbie Powell, in the amount of $180.00. The suspension will be effective thirty days from the filing of this opinion so that Schramm can close out his practice and protect the interests of existing clients. If Schramm notifies this Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Schramm shall accept no new business from the date this opinion is filed until the suspension is completed. Pursuant to the provisions of Rule Regulating The Florida Bar 3-5.1(g), upon receipt of this order of suspension, Schramm shall forthwith furnish a copy of the order to all of his clients with matters pending in his practice. Furthermore, within thirty days after receipt of this order, Schramm shall furnish staff counsel of the Bar with a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order. Judgment for costs in the amount of $2,112.71 is entered in favor of The Florida Bar against Robert Schramm, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.