684 So.2d 723 (1996)
THE FLORIDA BAR, Complainant,
v.
Susan K. GLANT, Respondent.
Nos. 85800, 86330.
Supreme Court of Florida.
August 29, 1996.
Rehearing Denied December 10, 1996.
John F. Harkness, Jr., Executive Director; John T. Berry, Staff Counsel; James N. Watson, Jr., Bar Counsel and Luain T. Hensel, Co-Bar Counsel; and Paul A. Remillard, Assistant Director, Lawyer Regulation, Tallahassee, for Complainant.
Susan K. Glant, pro se, Gainesville, for Respondent.
PER CURIAM.
The Florida Bar and Susan K. Glant petition this Court for review of the referee's findings and recommendations in these two Bar disciplinary proceedings, which we have consolidated for review.[1] These proceedings evolved from a prior disciplinary proceeding reported as Florida Bar v. Glant, 645 So.2d 962 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1801, 131 L.Ed.2d 728 (1995) (Glant I). In that case, this Court found that Glant had violated Rule Regulating The Florida Bar 4-1.2(a) by failing to abide by her client's decision regarding the objectives of representation. *724 This Court publicly reprimanded Glant, ordered a six-month probationary period, and required payment of $3,310.18 in costs. Id. at 965. It is important to restate in this proceeding the circumstances that brought about the public reprimand as they appear in Glant I. They are as follows:
When Glant began working at [Central Florida Legal Services] in 1991, she was assigned to represent a mother with four minor children (two boys and two girls) in a custody action against the father. The mother wanted to end the Department of Health and Rehabilitative Services' (HRS) supervision of the children and to retain custody of her two girls. At one point, all four children had been removed from the father's home after allegations of sexual abuse. The record reflects that HRS did not litigate those allegations because of insufficient evidence.
Glant knew the mother did not want custody of all four children. She was to attend a hearing in June 1991 and present the court with a recommendation that HRS terminate its supervision and retain the current custody status (two girls living with the mother and two boys living with the father). After the hearing, based on her belief that the father was sexually abusing the girls, Glant sent a letter to HRS in Tallahassee requesting further investigation. She included a copy of an unfiled motion for custody modification which asked that the mother be given custody of all four children.
Glant testified that she felt obligated to send the letter and unfiled motion to HRS because of rule 4-1.2(d), which prohibits a lawyer from assisting a client in criminal or fraudulent conduct.
Id. at 963 (footnote omitted).
After this Court rendered its decision in Glant I, Glant moved that this Court waive costs. That motion was denied. Glant then petitioned the Bar for a similar waiver. The Bar denied her petition, but granted a payment plan of $100 per month. Glant has made only one payment of ten dollars under that plan.

Florida Bar v. Glant, Case No. 85,800 (Glant II)
The Bar moved that Glant be held in contempt for her noncompliance with the payment plan in Glant I. Glant responded that she was financially unable to make the payments. As a result, this Court appointed a referee to: (1) make factual findings about Glant's financial condition; (2) determine what steps Glant can take as to the payment of the court-imposed costs; (3) determine whether to extend Glant's probationary period; and (4) determine whether to reduce costs.
At the commencement of the referee's hearing, the Bar offered to: (1) waive accrued interest on the costs to date; (2) suspend any attempts to collect costs for the next twelve months and waive interest during that period; (3) waive costs of the current hearing, estimated at $700; (4) allow Glant to pay the $190 in bar dues in order to reinstate her license, with the understanding that reinstatement and late fees would be waived; and (5) review this matter in twelve months to determine Glant's ability to either pay the costs in full or comply with a monthly installment plan requiring payments of $100 per month.
In her recommendation, the referee submitted that Glant had the ability to pay $100 per month towards the assessed costs of $3,310.18. Further, the referee recommended that Glant be allowed to pay her $190 in bar dues and be reinstated, expressly conditioned upon her making the $100 monthly payments, commencing March 1, 1996. The referee also recommended that the Court accept the Bar's proposal to waive interest up to the date of the hearing on this matter (but not after the hearing); and waive all the late fees, reinstatement fees, and costs of the Glant II proceeding.
Glant has petitioned for review. She claims that: (1) the referee's report contains factual errors; (2) the proceedings were illegal; (3) the right to pursue one's profession is a property and liberty interest and, therefore, it is a violation of constitutional rights for this court to proceed further; and (4) the finding that Glant is able to pay costs is not supported by the evidence.
*725 We find that contentions (1) through (3) are totally without merit and require no further discussion. We find that the record does show that Glant has a very limited ability to pay. While we agree with the referee's findings of fact, we must disagree with the recommendation (based on these facts) that Glant has the ability to pay. Instead, we hold that: (1) Glant should be allowed to bring her bar dues current in order to reinstate her license to practice law, with the understanding that reinstatement and late fees will be waived for 1995; (2) both her 1995 and 1996 bar dues must be paid no later than sixty days from the date of this opinion; and (3) Glant is directed to provide quarterly financial statements to the Honorable Carven D. Angel, the designated referee, and the Bar's disciplinary office. This direction is also a condition of Glant's probation in Florida Bar v. Glant, Case No. 86,330. Furthermore, the designated referee is granted the authority to require payments on that judgment as a result of his review of the financial statements and/or recommend a suspension.

Florida Bar v. Glant, Case No. 86,330 (Glant III)
Subsequent to Glant's leaving her employment with Central Florida Legal Services, she sought employment, on September 26, 1994, with the Department of Health and Rehabilitative Services for the State of Florida. She completed a State of Florida employment application and attached a resume. Neither her resume nor her application disclosed her previous employment with Central Florida Legal Services. The application form contained a provision, signed by Glant, that stated that all the information was "true, correct, and made in good faith."
Subsequent to our decision in Glant I, the Bar, on August 23, 1995, filed a complaint against Glant asserting that, under the above circumstances, she had violated Rule Regulating The Florida Bar 4-8.4(c). Rule 4-8.4(c) states that "[a] lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation."
At her hearing before the referee, Glant admitted that her failure to disclose her employment with Central Florida Legal Services was intentional. The referee found that Glant had violated rule 4-8.4(c). Therefore, the referee recommended that Glant receive a public reprimand and be ordered to pay costs, but that such payment of costs should be contingent upon Glant's ability to pay.
Glant petitioned for review, asserting that: (1) the Bar failed to plead or prove the elements necessary to maintain an action for fraud; (2) rule 3-7.6(b), providing for a trial before a referee instead of a jury, is a violation of due process and equal protection; (3) the aggravating factors were not supported by competent, substantial evidence, in violation of due process guarantees; and (4) a public reprimand is not appropriate in this case because "unusual circumstances" existed. The Bar cross-appealed, asserting that the referee abused his discretion by making Glant's obligation to pay costs contingent upon her ability to pay.
We find Glant's contentions to be without merit. In reality, the facts are not in dispute. The issue Glant raises is whether she may be disciplined for an intentional misrepresentation on an application for a position as a lawyer. We find that discipline for this type of conduct is appropriate and agree with the referee that Glant should be publicly reprimanded for such conduct. Florida Bar v. Sax, 530 So.2d 284 (Fla.1988); Florida Bar v. Batman, 511 So.2d 558 (Fla. 1987). While we agree with the referee that Glant does not currently have the ability to pay, we do find that a judgment for costs should be entered against her and in favor of the Bar. We direct that she be placed on probation until such time as both cost judgments in favor of the Bar (in Glant I and Glant III) are satisfied. Furthermore, we extend the requirement, set out in Glant II, that quarterly financial statements be filed with the designated referee, and the Bar's disciplinary office, to Glant III as well. This means that such reports must be filed, as a condition of probation, until such time as both cost judgments are satisfied. In relation to Glant III, the designated referee has the same authority to hold hearings and *726 make recommendations as set out in Glant II.
Accordingly, in Glant II (case No. 85,800), we hold that Glant should be allowed to bring her bar dues current, with reinstatement and late fees being waived for 1995. These dues (for 1995 and 1996) must be paid within sixty days from the date of this opinion. Glant is hereby directed to file quarterly financial statements, commencing on January 1, 1997, with both the Honorable Carven D. Angel, the designated referee, and the Bar's disciplinary office. As a result of the filing of these financial statements, the designated referee may set a hearing to determine Glant's ability to pay. If, however, the referee finds that Glant has the ability to pay and fails to do so, or has filed false financial statements, the referee has the authority to recommend immediate suspension.
In Glant III (case No. 86,330), Glant is hereby publicly reprimanded and judgment for costs in the amount of $1,572.85 is entered against Glant in favor of the Bar, for which sum let execution issue. Glant is placed on probation until such time as the cost judgments in Glant I and Glant III are satisfied. As a condition of her probation, Glant is required to comply with the quarterly financial statement requirements set out in this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 15 Fla. Const.