697 So.2d 828 (1997)
THE FLORIDA BAR, Complainant,
v.
K. Kristine NOWACKI, Respondent.
No. 86586.
Supreme Court of Florida.
July 17, 1997.
Rehearing Denied September 24, 1997.
*829 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan Wichrowski, Bar Counsel, Orlando, for Complainant.
K. Kristine Nowacki, Daytona Beach, Respondent, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by K. Kristine Nowacki. We have jurisdiction. Art. V, § 15, Fla. Const.
The Bar filed a five-count complaint against Nowacki in October 1995 alleging a failure to keep several clients reasonably informed or act with reasonable diligence and promptness in dealing with them, as well as an instance of dishonest conduct regarding the payment of a former employee for time worked in Nowacki's law office. Circuit Court Judge Bill Parsons was appointed referee and a final hearing was held in July *830 1996. The referee entered his final report on November 18, 1996, detailing factual findings as to guilt and making recommendations as to discipline for the five counts charged in the complaint.

FACTS
The referee's report reveals the following facts and determinations as to guilt. In late 1994, and through 1995, Nowacki underwent significant trauma and treatment for breast cancer, but kept her sole practitioner law practice open during this time by hiring a paralegal and associates to whom she delegated the day-to-day running of the office. Nowacki was available to her staff and clients only for emergencies during her treatment.
Count I involves Nowacki's representation of William Ludecker beginning in March 1994 in connection with a dissolution of marriage action. Nowacki charged Ludecker $2000 for her services, which proved to be minimal. Following a temporary hearing in Mr. Ludecker's case in May 1994, the referee found that Nowacki took little further action on Mr. Ludecker's behalf, despite receiving numerous letters from her client, including one in August 1994, advising that he wanted to obtain immediately a change of custody order, in which his wife concurred, that would grant him custody of the couple's minor child. In addition, and contrary to Nowacki's assertions at the hearing that Mr. Ludecker's dissolution case had to be set for a trial due to the failure of the parties to agree on a settlement, Nowacki received a letter from opposing counsel suggesting a settlement in June 1994. The sum total of Nowacki's efforts in representing Mr. Ludecker consisted of merely reviewing the temporary support order, receiving the numerous letters for her client, and eventually withdrawing from the representation in December 1994. Nowacki contends that she also made repeated phone calls to Ludecker, but was unsuccessful in speaking to him because he did not give her a valid telephone number. Nevertheless, she acknowledges that Ludecker's letters to her each contained a return address and she failed to offer any evidence of written communication with her client. Finally, the referee specifically found that Nowacki's illness was not a mitigator to this conduct as Ludecker's representation occurred prior to the illness.
As to count I, the referee recommended that Nowacki be found guilty of violating the following Rules Regulating the Florida Bar: rule 4-1.3 (failing to act with reasonable diligence and promptness in representing a client), and rule 4-1.4 (failing to keep a client reasonably informed about the status of a matter, failing to promptly comply with reasonable requests for information, and failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation).
Count II involves Nowacki's undue delay in paying a former employee, Ann Rogers, for time worked, and subsequent failure to pay her for several days of work during Ms. Rogers' last week of employment. Ms. Rogers initially worked for Nowacki as a paralegal, secretary and receptionist, and later became an associate lawyer in Nowacki's office after being admitted to The Florida Bar. The referee found that Nowacki issued Ms. Rogers an office account check in January 1995, but the check could not be cashed and was returned to Nowacki's financial institution twice because of insufficient funds. The check to Ms. Rogers was finally honored more than a year later in February 1996. The subsequent salary dispute stemmed from Nowacki's refusal to pay Ms. Rogers for two days of work during her last week of employment on grounds that Ms. Rogers had not worked those days and was not entitled to payment. Nevertheless, Nowacki indicated in a response to the Bar's inquiry about the salary dispute in May 1995, that she had regularly paid her associate for time Ms. Rogers did not work. The referee concluded that under these circumstances, Nowacki owed Ms. Rogers' wages for the disputed days of work during Rogers' last week, and further found that after Ms. Rogers opened her own law practice, and was opposing counsel in a case handled by Nowacki, Rogers was unable to contact Nowacki because she had set up a call blocking system to prevent Rogers from contacting her about the salary dispute.
*831 As to count II, the referee recommended that Nowacki be found guilty of violating rule 4-8.4(c) for engaging in conduct involving dishonesty.
Count III involves Nowacki's representation of Franklin E. Burns in a personal bankruptcy action. Shortly after Mr. Burns' initial consultation with Nowacki in January 1995, Nowacki underwent treatment for breast cancer and delegated Mr. Burns' and her other clients' needs to a newly hired associate. Nowacki failed to inform her clients of her situation and was available to her associate by telephone on an emergency basis only. When Mr. Burns learned that Nowacki would not be able to provide him timely personal representation, he requested a refund and refused to allow Nowacki's new associate to proceed further with the matter. Nowacki's associate rejected Mr. Burns' request and called the local police department to the law office to settle the dispute with Mr. Burns. While Nowacki maintains that Mr. Burns is not entitled to a refund of his fees because her office did prepare the necessary paperwork for his petition, she acknowledges that the work was done solely by her new associate and without her participation. She further acknowledges that she should have contacted each of her clients and informed them of her need to take medical leave.
In light of Nowacki's admitted lack of communication with her client, and wholesale delegation of her caseload to a new associate, the referee recommended that as to count III, Nowacki be found guilty of a second violation of rules 4-1.3 and 4-1.4(a), as well as violating rule 4-5.1(b) (having direct supervisory authority over another lawyer and failing to make reasonable efforts to ensure that lawyer conform to the Rules of Professional Conduct).
Count IV involves Respondent's representation of Mr. Perry White regarding a Chapter 7 individual bankruptcy filing. Shortly after his initial meeting with Nowacki and paying her the $350 retainer fee, Mr. White became concerned about how such a filing would impact his status as an illegal alien in the United States. When he called to inquire about the specific legal issues affecting his immigration status, respondent refused to answer his questions. Consequently, Mr. White decided not to proceed with the bankruptcy filing and unsuccessfully requested a refund of his retainer fee. Mr. White also requested a copy of his file, specifically any work product or filings upon which Nowacki based her refusal to refund his money. In addition, the referee found that this incident occurred prior to respondent's illness; and, although the Bar inquiry into Mr. White's grievance occurred during respondent's illness, Nowacki failed to respond to the Bar's inquiry. As to count IV, the referee recommended that Nowacki be found guilty of further violations of rules 4-1.3 and 4-1.4(a).
Count V involves respondent's representation of Teresa Arrington in late 1994 in a claim against Dow Corning arising from injuries allegedly suffered as a result of a breast implant. The referee found that Ms. Arrington became dissatisfied after she called Nowacki's office repeatedly to speak with respondent, but was unable to communicate with her directly. Respondent acknowledged at the hearing that her associate advised her that Ms. Arrington had telephoned respondent's office many times requesting to speak with her. Ms. Arrington was further dissatisfied after she requested that Nowacki prepare for her a letter of protection to obtain medical treatment while her claim was pending, but was advised that she would have to pay for such a service. Because respondent failed to return her phone calls and believing that the additional charge for the letter of protection conflicted with her contingent fee contract with respondent, Ms. Arrington terminated Nowacki's services by letter in April 1995. As to this final count, the referee again recommended that respondent be found guilty of violating rules 4-1.3 and 4-1.4(a).
In light of Nowacki's significant discipline history involving rule violations similar to the ones at issue in this case, the referee found that respondent has a serious client relations problem and recommended that respondent be suspended for no less than ninety-one days, requiring her to demonstrate her rehabilitation *832 prior to being reinstated to practice law, as well as pay the costs of the proceedings against her.

ANALYSIS
Initially, Nowacki contends that because the Bar's complaint did not provide her with sufficient notice of the specific instances of misconduct alleged against her with regard to her representation of Mr. Ludecker, her rights to due process have been violated. Respondent points out that as support for the recommendations of guilt as to this count, the referee found that she had failed to take any action in pursuing a settlement agreement for Mr. Ludecker and never provided him with a copy of his file as requested. Respondent argues that the Bar did not specifically charge her with these instances of misconduct and thus, the referee's findings and recommendation as to guilt are invalid. We disagree.
Paragraph ten of the Bar's complaint alleges "the respondent failed to timely and diligently pursue the legal matters for which she had been retained by Mr. Ludecker... [and] failed to adequately respond to Mr. Ludecker's numerous written and telephonic inquiries or provide him with information about his case." Respondent was clearly notified, both through Mr. Ludecker's initial grievance and the Bar's subsequent complaint, that she was charged with violating rules 4-1.3 and 4-1.4 of the Rules Regulating the Florida Bar in connection with her handling of Mr. Ludecker's case. Moreover, a referee may include in his or her report information not specifically charged by the bar in its complaint:
Evidence of unethical conduct, not squarely within the scope of the Bar's accusations, is admissible, and such unethical conduct, if established by clear and convincing evidence, should be reported because it is relevant to the question of the respondent's fitness to practice law and thus relevant to the discipline to be imposed.
Florida Bar v. Stillman, 401 So.2d 1306, 1307 (Fla.1981). We find that the conduct referenced by the referee in his report in this case, though not specifically pled in the Bar's complaint, was clearly within the scope of the Bar's accusations and respondent was clearly notified of the nature and extent of the charges pending against her.
Next, this Court must consider Nowacki's claim that the referee's findings of fact and recommendations of guilt as to each of the five counts are erroneous. A referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). If the referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992). The party contending that the referee's findings of fact and conclusions as to guilt are erroneous carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions. Florida Bar v. Miele, 605 So.2d 866, 868 (Fla.1992).
We find that the referee's findings of fact and recommendations of guilt are supported by the record and that Nowacki has not carried her burden of demonstrating otherwise. Nowacki essentially argues that there is not competent, substantial evidence of her guilt because there is contradictory evidence in the record as to some of the referee's factual findings. However, a party does not meet the burden of showing that a referee's findings are erroneous by simply pointing to contradictory evidence where there is also competent, substantial evidence in the record that supports the referee's findings. See Florida Bar v. de la Puente, 658 So.2d 65, 68 (Fla.1995). Based upon the record evidence in this case, we approve the referee's findings of fact and conclude that Nowacki violated the Rules Regulating The Florida Bar specified by the referee.

DISCIPLINE
The final issue this Court must address is the appropriate discipline. The referee found that Nowacki "has a serious client relations problem" and recommended a *833 ninety-one day suspension requiring proof of rehabilitation prior to respondent's reinstatement to practice law, as well the payment of the costs of the proceedings. On the other hand, Nowacki contends that her instances of misconduct should be treated as minor violations and that a suspension is an overly severe sanction in this case. While a referee's recommendation for discipline is persuasive, this Court has the ultimate responsibility to determine the appropriate sanction. Florida Bar v. Reed, 644 So.2d 1355, 1357 (Fla.1994). A bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must be severe enough to deter other attorneys from similar misconduct. Florida Bar v. Lawless, 640 So.2d 1098, 1100 (Fla. 1994).
This case involves a persistent pattern of client neglect and mismanagement by the respondent. The referee specifically noted in his report respondent's past disciplinary record for similar acts of misconduct involving client relations. In 1992, Nowacki received a public reprimand for improperly limiting the scope of her representation of clients in bankruptcy matters; and she then received another public reprimand with probation for the same misconduct just a year and a half later in 1993. These constitute aggravating factors that the referee properly considered in his report. See Fla. Stds. Imposing Law. Sancs. 9.22(a) (prior disciplinary offenses) (c) (a pattern of misconduct), (d) (multiple offenses). The referee also considered in mitigation that respondent was dealing with serious medical and emotional problems during the time that a few of these offenses and bar inquiries occurred. The referee's report reflects however, that the aggravating and mitigating factors were duly considered in this case and the referee found a ninety-one day suspension to be the appropriate discipline. See Fla. Stds. Imposing Law. Sancs. 4.42(b) (suspension appropriate when lawyer engages in a pattern of neglect and causes injury or potential injury to a client). Based on the referee's report, we can find no basis for deviating from the referee's recommended ninety-one day suspension with proof of rehabilitation prior to reinstatement, and payment of costs.
K. Kristine Nowacki is hereby suspended from the practice of law in this state for ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that Nowacki can close out her practice and protect the interests of existing clients. If Nowacki notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Nowacki shall accept no new business from the date this opinion is published until the suspension is completed. Judgment is entered against K. Kristine Nowacki for costs in the amount of $2,321.88 for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.