978 So.2d 107 (2008)
THE FLORIDA BAR, Complainant,
v.
Anna L. BROWN, Respondent.
No. SC04-2119.
Supreme Court of Florida.
January 17, 2008.
Rehearing Denied March 19, 2008.
*109 John Harkness, Jr., Executive Director and Kenneth L. Marvin, Director of Lawyer Regulation, The Florida Bar, Tallahassee, FL, and Troy Matthew Lovell, Assistant Staff Counsel, The Florida Bar, Tampa, FL, for Complainant.
Brett Alan Geer of The Geer Law Firm, LC, Tampa, FL, for Respondent.
PER CURIAM.
We have for review a referee's report and a partial amended referee's report recommending that Anna L. Brown be found guilty of professional misconduct, publicly reprimanded, and required to complete ethics instruction by The Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons set out below we conclude that Brown should be suspended for ninety days.

Procedural and Factual Background
The Florida Bar filed a three-count complaint alleging Brown engaged in unethical conduct. A referee was appointed. Prior to a hearing on the merits, the referee granted Brown's motion to dismiss one of the claims against her, a conflict of interest claim. The remaining claims proceeded to hearing. The referee filed a report with the Court finding the Bar had proved three of the remaining claims, but failed to prove a fourth. The Bar petitioned for review of the dismissal of the conflict of interest claim and of the recommendation of a public reprimand. Brown cross-petitioned for review of the guilt recommendations. Following briefing by the parties, the case was remanded to the referee for a hearing on the conflict of interest claim, following which the referee filed an amended report addressed solely to that claim and finding that the Bar failed to prove the claim. The Bar petitioned for review of the findings and recommendation that Brown be found not guilty on the conflict of interest claim. Additional briefing followed.
The referee made the following findings and recommendations in his reports. Renfred Spillman and his cousin, Antoine Parks, were traveling in a car together, in October 2001, when they were stopped by a Florida Highway Patrol officer. Parks, who had been driving, was charged with speeding and driving while license suspended (habitual revocation), a third-degree felony. Spillman was charged with possession of a firearm by convicted felon, a second-degree felony. The firearm that led to Spillman's charge was discovered by the patrol officer beneath the tray in the center console of the car, located between the seats where Spillman and Parks had been seated.
Spillman and Parks visited Brown's office together and signed retainer agreements presented to them by Brown's paralegal. Spillman paid $700 at that time and agreed to pay $250 a month until the *110 $3,500 fee for his representation was paid. When Spillman left Brown's office, he believed he had hired Brown to represent him.
Brown entered a notice of appearance on behalf of Parks, but arranged for another attorney, Peter T. Flood, to file a notice of appearance on Spillman's behalf.[1] Brown actively represented Spillman, but failed to diligently represent him or to adequately communicate with him. Further, Brown failed to clearly communicate to the trial court and Spillman whether she represented Parks and Spillman or just Parks. Her actions toward Spillman were more often those of someone who did represent him rather than someone who did not. She accepted money from Spillman, appeared in court for him, and filed official pleadings suggesting she represented him. She never personally told Spillman that another lawyer was representing him. At best, there was some indication of that fact in some written documents.
Based on these findings, the referee recommended that Brown be found guilty of violating Rules Regulating the Florida Bar 4-1.3 (failing to act with reasonable diligence and promptness in representation); 4-1.4(a) (failing to keep client reasonably informed of status of case); and 4-8.4(c) (engaging in conduct involving misrepresentation). The referee further recommended that Brown be found not guilty of violating rules 4-1.7(a) (1992) (representing clients with adverse interests) and 4-1.7(b) (1992) (representing a client when the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client). He found that the evidence established "only the possibility of what might have been or conceivably could have been, under some circumstances, an adverse interest" between Spillman and Parks and that the "evidence did not rise to the level of knowledge or interest as defined by rule 4-1.7(a) or (b), by clear and convincing evidence." Critically, the referee found the Bar had failed to prove that Brown knew that Parks, like Spillman, was a convicted felon and at risk of being charged with possession of a firearm by a convicted felon. The referee further found insufficient evidence to prove that Spillman suggested to Brown that the firearm was not his or that he asked Brown about any possible defenses to the charge until after Brown's representation of Parks had ended.
As for discipline, the referee recommended that Brown be publicly reprimanded, required to attend ethics training, and pay $1,000 of the Bar's costs of $9,143.84.
The Bar petitioned for review of the findings and recommendation of not guilty on the conflict of interest claim and of the recommendation of a public reprimand. Brown cross-petitioned for review of the referee's recommendations that she be found guilty of violating rules 4-1.3 (competence), 4-1.4(a) (communication), and 4-8.4(c) (misrepresentation), and ordered to reimburse the Bar $1,000 of its costs.

Analysis
We first address Brown's contention that the referee erred in recommending that she be found guilty of violating rules 4-1.3, 4-1.4(a), and 4-8.4(c). Brown does not challenge the findings of fact that support these recommendations. We approve these findings without further discussion. In reviewing a referee's guilt *111 recommendations, we assess whether the referee's factual findings are sufficient under the applicable rules to support the recommendations. Fla. Bar v. Spear, 887 So.2d 1242 (Fla.2004).
Rule 4-1.3 is violated when a lawyer fails to act with reasonable diligence or promptness in representing a client. Rule 4-1.4(a) is violated when a lawyer fails to keep a client reasonably informed about the status of a matter or to promptly comply with reasonable requests for information.
The referee found that Brown had actively represented Spillman and that Spillman reasonably believed he had hired Brown as his lawyer when he signed the retainer agreement and began paying her fee. From that point on, Brown never did anything to unequivocally inform Spillman that she did not represent him or that another attorney did. As found by the referee, her actions were those of a lawyer who was representing Spillman. These facts support the referee's recommendations that Brown be found guilty of violating rules 4-1.3 and 4-1.4(a).
Rule 4-8.4(c) is violated when a lawyer engages in conduct involving dishonesty, fraud, deceit, or misrepresentation. The referee found that Brown failed to clearly communicate to Spillman and the trial court whether she represented both Parks and Spillman or just Parks. He also found that Brown "acted more frequently as if she did [represent Spillman], including accepting money from the client and appearing in court and filing official pleadings suggesting she represented him." Nevertheless, she arranged for another lawyer to file a notice of appearance on Spillman's behalf so that this other lawyer was Spillman's attorney of record. This was enough to prove a misrepresentation.
Brown argues that the Bar failed to prove that Brown's misrepresentation was intentional, so a rule 4-8.4(c) violation was not shown. While it is true that in order to prove a violation of rule 4-8.4(c), the Bar must show that the misrepresentation was intentional, the intent element is satisfied by a showing that the misleading conduct was deliberate or knowing. Fla. Bar v. Brown, 905 So.2d 76, 81 (Fla.2005). The facts in this case, as set forth above, demonstrate that Brown's actions were deliberate and knowing and, thus, misrepresentation on Brown's part. Accordingly, we approve the referee's recommendations of guilt as to a rule 4-8.4(c) violation.
Next, we address the conflict of interest claim. The right to effective assistance of counsel encompasses the right to representation free from actual conflict. Mungin v. State, 932 So.2d 986 (Fla.2006). Were this a criminal appeal or postconviction proceeding, the criminal defendant would bear the burden of proving that an actual conflict of interest adversely affected his lawyer's performance. Id. That is not the case in a disciplinary proceeding. The 2001 version of rules 4-1.7(a) and (b), in effect during the relevant period, focused on the actual interests of the clients involved. Rule 4-1.7(a) (1992) provided:
(a) Representing Adverse Interests. A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:
(1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with another client; and

(2) each client consents after consultation.
(Emphasis added.) Rule 4-1.7(b) (1992) provided:

*112 (b) Duty to Avoid Limitation on Independent Professional Judgment. A lawyer shall not represent a client if the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest, unless:
(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation.
(Emphasis added.) It is apparent that the "reasonably believes" language in (a)(1) and (b)(1) is addressed to the conditions under which a lawyer may undertake representation despite the existence of a conflict of interest, which presumes that a conflict of interest or potential conflict of interest has already been identified by the lawyer.
The factual circumstances leading up to Spillman's being charged with possession of firearm by a convicted felon establish that Spillman and Parks had interests that were directly adverse. Parks and Spillman were both in the car when it was stopped. The firearm was concealed in the center console between them. An obvious potential defense to the charge against Spillman would have been a showing that the firearm was in Parks' possession, not Spillman's.
Parks also had an interest in not being in possession of the firearm. Parks was also a convicted felon. Even if he had not been, he would have had an interest in not having the possession of the firearm attributed to him. Section 790.01(2), Florida Statutes (2001), provided: "A person who carries a concealed firearm on or about his person commits a felony of the third-degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
Clearly, both Spillman and Parks had an interest in the firearm's possession being attributed to the other person in the car. Their interests were directly adverse and Brown's representation of both of them, to any extent whatsoever, including covering a hearing for a colleague, was improper. These adverse interests also made it impossible for Brown to ethically represent both Spillman and Parks because her professional judgment with regard to one or both of them was materially limited by the dual representation. She could not cast doubt on Spillman's possession of the firearm without casting suspicion on Parks, and vice versa.
The referee found that the Bar failed to prove that Brown, who represented Parks, knew that Parks, like Spillman, was a convicted felon and that Parks' status as a convicted felon and Brown's knowledge of that status were both necessary for a finding that Parks' and Spillman's interests were directly adverse. In fact, neither finding is necessary to establish direct adversity, as explained above.
The referee's recommendation that Brown be found not guilty of violating rules 4-1.7(a) and (b), based on his finding that Spillman did not raise the issue of the firearm's ownership until after Brown's representation of Parks had ended, was incorrect as a matter of law. The facts incident to Spillman's being charged with possession of a firearm by a convicted felon clearly suggested the potential defense of possession of the firearm being attributed to someone else in close proximity to the firearm when it was discovered. This made it obligatory for Brown to decline the dual representation and refer either Parks or Spillman to independent counsel.
We have long recognized that an attorney has an ethical obligation to avoid *113 conflicts of interest and to advise the court when one arises. Barclay v. Wainwright, 444 So.2d 956, 958 (Fla.1984). An attorney engages in unethical conduct when she undertakes a representation when she either knows or should know of a conflict of interest prohibiting the representation. Fla. Bar v. Cosnow, 797 So.2d 1255, 1257 (Fla.2001). The facts as found by the referee were sufficient to alert Brown to an actual or potential conflict of interest between Spillman and Parks, making her representation of both of them improper. The facts establish violations of both rules 4-1.7(a) and (b). Accordingly, we disapprove the recommendation that Brown be found not guilty of violating rules 4-1.7(a) and (b) and find her guilty of violating these rules.
We next address the recommendation of discipline. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, 15, Fla. Const. However, generally speaking this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999). In this case, the recommendation was based on the erroneous recommendation that Brown be found not guilty of the conflict of interest claim, so we recognize from the outset that the recommendation would likely have been different if the referee had considered these additional rule violations.
A public reprimand is not reasonably supported by the standardssuspension is. Standard 4.32 provides that suspension is appropriate "when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client." Standard 4.42 provides that suspension is appropriate when a "lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client" or "engages in a pattern of neglect and causes injury or potential injury to a client."
The case law does not support public reprimand either. While there are cases in which a lawyer was publicly reprimanded for misconduct similar to any one of Brown's acts of misconduct, there is no case in which an attorney received a public reprimand for such multiple acts of misconduct of the kinds engaged in by Brown, especially where conflict of interest was involved. See Fla. Bar v. Glant, 684 So.2d 723 (Fla.1996) (imposing public reprimand for intentional misrepresentation on application for position as a lawyer); Fla. Bar v. Madsen, 400 So.2d 947 (Fla.1981) (imposing public reprimand for representing parties with conflict of interest). Thus, a public reprimand might have been appropriate if Brown had engaged in only one of the different types of misconduct in which she engaged, but not when all of the rule violations are considered together.
We find Florida Bar v. Roberts, 689 So.2d 1049 (Fla.1997); Florida Bar v. Cibula, 725 So.2d 360 (Fla.1998); and Florida Bar v. Joy, 679 So.2d 1165 (Fla.1996), more pertinent to the situation here. In Roberts, we suspended a lawyer for ninety days for failing to competently represent and communicate with his client. In Cibula, an attorney misrepresented his income when testifying at two hearings in connection with his alimony obligations. We suspended him for ninety-one days and withdrew his civil trial lawyer certification. However, we note that Cibula had a history *114 of prior discipline and his misrepresentation was, arguably, more egregious.
In Joy, the attorney engaged in a conflict of interest, mishandled trust account funds, and omitted material facts in statements he made to a party's attorney. We suspended the lawyer for ninety-one days. Id. at 1168; see also Fla. Bar v. Vining, 721 So.2d 1164 (Fla.1998) (imposing six-month suspension for conflict of interest and other rules violations); but see Fla. Bar v. Roberts, 770 So.2d 1207 (Fla.2000) (suspending attorney for ninety-one days for conduct similar to Brown's with five prior disciplinary sanctions); Fla. Bar v. Nowacki, 697 So.2d 828 (Fla.1997) (suspending attorney for ninety-one days for failing to act with reasonable diligence and promptness, to communicate with her client, and to adequately supervise an associate, with two prior disciplinary sanctions for similar misconduct); Fla. Bar v. Laing, 695 So.2d 299 (Fla.1997) (suspending attorney for ninety-one days for conduct similar to Brown's and some conduct even more egregious, with two prior disciplinary sanctions).
In considering these cases, their fact patterns, and the discipline imposed in each, as well as the fact that Brown has no prior disciplinary sanctions, we find that a suspension of ninety days is the appropriate sanction here. Accordingly, we disapprove the referee's recommendation of a public reprimand and suspend Brown for ninety days.
Finally, we address Brown's challenge to the referee's recommendation that she be ordered to reimburse the Bar $1,000 in costs. "Absent an abuse of discretion, we will uphold a referee's award of costs in a disciplinary proceeding." Fla. Bar v. Segal, 663 So.2d 618, 622 (Fla.1995). Rule Regulating the Florida Bar 3-7.6(q)(3) allows for the imposition of all of the Bar's costs if the Bar is successful "in whole or in part." Clearly, the Bar was successful in this case, as Brown is found guilty of violating rules 4-1.3, 4-1.4(a), 4-1.7(a), 4-1.7(b), and 4-8.4(c). The referee did not abuse his discretion in this case. In fact, he reduced the total costs claimed by the Bar by $8,143.84. Thus, the cost award was appropriate, even lenient. Accordingly, we approve the referee's cost award of $1,000.

Conclusion
Anna L. Brown is hereby suspended for ninety days. The suspension will be effective thirty days from the filing of this opinion so that Brown can close out her practice and protect the interests of existing clients. If Brown notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Brown shall accept no new business from the date this opinion is filed until the suspension expires. She will complete additional ethics instruction as recommended by the referee prior to the expiration of her suspension.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Anna L. Brown in the amount of $1,000, for which sum let execution issue. Interest will accrue in accordance with the terms recommended by the referee.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Flood was later sanctioned for his faulty representation of Spillman. See Fla. Bar v. Flood, 912 So.2d 319 (Fla.2005) (table) (suspending Flood for thirty days and requiring him to obtain the Bar's Law Office Management Assistance Services).