PER CURIAM.
We have for review a referee’s report recommending that Respondent Eugene Keith Polk be found guilty of professional misconduct in violation of the Rules Regulating the Florida Bar (Bar Rules) and suspended from the practice of law for ten days. The Florida Bar has filed a petition for review of the report. We have jurisdiction. See art. V, § 15, Fla. Const. As discussed below, we approve the findings of fact and recommendation of guilt, but disapprove the referee’s recommended sanction of a ten-day suspension. We conclude that Polk’s misconduct warrants a *241 ninety-day suspension from the practice of law in Florida.
FACTS
On December 29, 2011, The Florida Bar filed its “Complaint For Minor Misconduct” against Polk, alleging, in pertinent part, that Polk had been negligent in his representation of a client in a postconviction proceeding pursuant to Florida Rule of Criminal Procedure 3.850. The Bar alleged that Polk failed to communicate with his client for almost two years, that Polk failed to return documents provided by the client to Polk for his representation, that Polk submitted to the postconviction court only two of three mental health reports the client provided to Polk, and that Polk failed to respond in writing to the Bar’s inquiry letter. The Bar charged that Polk violated the following Rules Regulating The Florida Bar: 4-1.1 (Competence); 4-1.3 (Diligence); 4-1.4 (Communication); 4-1.16(d) (Protection of Client’s Interest); and 4-8.4(g) (Failure to Respond in Writing to The Florida Bar). A referee was appointed to consider the matter.
Polk, who was pro se at the time, did not file his answer to the Bar’s Complaint until February 17, 2012.[1] On February 21, 2012, the Bar filed a Motion for Summary Judgment, asserting that Polk failed to timely file answers to the Bar’s Requests for Admissions. The referee set a hearing on the Bar’s Motion for Summary Judgment for March 30, 2012, upon agreement of the parties. On March 30, 2012, Polk made a motion for continuance via telephone. The referee granted the motion in part and denied it in part, and postponed the summary judgment hearing by one hour. Nevertheless, Polk failed to appear at the hearing. In connection with seeking the continuance, the referee subsequently found that Polk “misrepresented to the Referee and Bar counsel ... that he had just learned one week earlier about a[n] ... incident involving his minor daughter, and had learned of the seriousness of the offense the night of March 29, 2012. He represented that he needed to pick up his daughter at school that afternoon and take her to the doctor.”
The referee ultimately granted the Bar’s motion for summary judgment, thus finding that Polk failed to communicate with his client for almost two years and failed to return to the client his documents when requested, and that Polk failed to respond in writing to the Bar’s inquiry letter.
Thereafter, the referee held a sanction hearing in the case, and has submitted a Report of Referee for the Court’s review.
At the sanction hearing, Polk testified that he had been suffering from nightmares following his investigation of an aviation accident while serving on active duty in the Marine Corps, and that he had been appointed to represent the client within four months after returning from active duty status. Polk further testified that he had been in psychotherapy for five months. One of Polk’s witnesses, Dr. James Larson, testified that Polk suffered from major depressive disorder and was responding to treatment. At the conclusion of the hearing, the Bar argued that the case law supported a suspension ranging between ten and ninety-one days, but that it was asking for a thirty-day suspension with a three-year probationary period.
The referee recommends that Respondent be found guilty of violating the following Bar Rules: 4-1.3 (Diligence); 4-1.4 (Communication); 4-1.16(d) (Protection of Client’s Interests); and 4-8.4(g) (Failure *242 to Respond in Writing to The Florida Bar). The referee does not recommend a finding of guilt with respect to rule 4-1.1 (Competence), and the Bar does not challenge that recommendation on review.
The referee found the following aggravating factors: pattern of misconduct; multiple offenses; misrepresentation during the course of the disciplinary proceedings; and substantial experience in the practice of law. The referee found the following mitigating factors: no prior disciplinary offenses; absence of dishonest or selfish motive; personal or emotional problems; physical or mental disability or impairment; and interim rehabilitation.
As to the sanction, the referee recommends that the Court impose a ten-day suspension and that Polk be placed on probation for three years with specific conditions, as discussed later in this opinion. Finally, the referee awarded costs to the Bar in the amount of $4,069.68.
ANALYSIS
Polk does not challenge the referee’s recommendation pertaining to guilt, and any such challenge is deemed waived. See Florida Bar v. Swann, 116 So.3d 1225, 1234 (Fla.2013).
As previously stated, the Bar opposes the referee’s recommended ten-day suspension; the Bar now seeks a ninety-one-day suspension. In reviewing a referee’s recommended discipline, this Court’s scope of review is broader than that afforded to the referee’s findings of fact because, ultimately, it is the Court’s responsibility to order the appropriate sanction. See Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also Art. V, § 15, Fla. Const. However, generally speaking this Court will not second-guess the referee’s recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Florida Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
We agree with the referee in this case that a suspension is warranted. See Standard 4.42(b) (“Suspension is appropriate when ... a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.”) and Standard 7.2 (“[s]us-pension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.”) However, we disapprove the length of the suspension recommended by the referee. We hold instead that a ninety-day suspension is appropriate.
Polk’s misconduct with respect to his representation of a client included failing to communicate for nearly two years with the client and failing to return documents to the client despite numerous requests by the client. With respect to the disciplinary proceedings, Polk failed to respond to The Florida Bar for several months and then only after the client’s complaint had been referred to the grievance committee and Bar counsel had contacted Polk about his failure to respond. Polk failed to timely respond to the Bar’s complaint and failed to respond to the Bar’s Request for Admissions. Polk failed to respond to the Bar’s Motion for Summary Judgment and failed to appear at the motion hearing by telephone as permitted by the referee. Finally, Polk’s testimony at the sanction hearing contradicted what he had previously represented to the referee and Bar counsel with respect to his request for a continuance on the motion for summary judgment. Consequently, the referee found as an aggravating factor Polk’s misrepresentation to the referee.
*243 Case law demonstrates that while a ten-day suspension is not appropriate, a ninety-day suspension is proper.
A ninety-day suspension was imposed in Florida Bar v. Brown, 978 So.2d 107 (Fla.2008), where the lawyer had a conflict of interest in representing both a driver and passenger, and failed to act with reasonable diligence and made a misrepresentation to the court in the course of representing the passenger. Id. at 113. In Florida Bar v. Lecznar, 690 So.2d 1284 (Fla.1997), a ninety-day suspension was imposed where the attorney failed to pursue his clients’ personal injury claims within the statute of limitations, resulting in a loss of opportunity to recover upon those claims, and misrepresented to the clients the status of their claims. Id. at 1287-88.
Cases where a ninety-one-day suspension was imposed involve conduct more egregious than that found in this case. For example, in Florida Bar v. Batista, 846 So.2d 479, 485 (Fla.2003), the Court imposed a ninety-one-day suspension where the lawyer failed to competently and diligently represent his clients, failed to communicate with clients, and engaged in witness tampering. In Florida Bar v. Summers, 728 So.2d 739, 742 (Fla.1999), the Court imposed a ninety-one-day suspension for failure to comply with numerous trial court directives in a forfeiture case and failure to respond to inquiries from the Bar. In addition, in Florida Bar v. Schramm, 668 So.2d 585 (Fla.1996), a ninety-one-day suspension was warranted where the lawyer made false statements pertaining to calendar conflicts to judges in two separate cases and failed to take any action to represent a client after accepting money for the representation. Id. at 587-88.
Accordingly, we find that the referee’s recommendation of a ten-day suspension is unsupported. Based upon Polk’s misconduct with respect to his representation of a client, the aggravating and mitigating factors, including Polk’s conduct before the referee, the Standards, and applicable case law, we disapprove the referee’s recommended sanction and instead suspend Polk for a period of ninety days.
CONCLUSION
Accordingly, we approve the referee’s findings of fact, recommendations of guilt, and award of costs. Further, we disapprove the referee’s recommendation of a ten-day suspension. Eugene Keith Polk is hereby suspended from the practice of law in Florida for ninety days, to be followed by three years’ probation. As the conditions of probation, Polk is directed to contact Florida Lawyers Assistance, Inc. (FLA, Inc.) and schedule a substance abuse evaluation within thirty days of the date of this Court’s final order in the case, participate in an evaluation for substance abuse with a FLA, Inc.-approved substance abuse evaluator within sixty days of this Court’s final order, and if recommended, enter into a FLA, Inc. contract for substance abuse services. In addition, Polk shall also enter into a FLA, Inc. contract for supervision and continuation of his psychotherapy treatment plan with Dr. James Larson or any other licensed, certified psychotherapist amenable to FLA, Inc. and The Florida Bar. The suspension will be effective thirty days from the filing of this opinion so that Polk can close out his practice and protect the interests of existing clients. If Polk notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Polk shall fully comply with Rule Regulating the Florida Bar 3 — 5.1(h) (Notice to Clients). Further, Polk shall accept no new business from the *244 date this opinion is filed until the suspension is completed.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Eugene Keith Polk in the amount of $4,069.68, for which sum let execution issue.
POLSTON, C.J., and PARIENTE, QUINCE, CANADY, LABARGA and PERRY, JJ., concur.
LEWIS, J., dissents.

. Polk’s answer was untimely filed. See R. Regulating Fla. Bar 3-7.6(h)(2) ("All pleadings of the respondent must be filed within 20 days of service of a copy of the complaint.”).